## DANIEL V. PRESNICK *v.* HARVEY DEROSA
## (5659)

SPALLONE, DALY and STOUGHTON, Js.

Submitted on briefs September 28—decision released November 10, 1987

*Daniel V. Presnick,* pro se, the appellant (plaintiff) filed a brief.

*Vincent J. Dooley* filed a brief for the appellee (defendant).

DALY, J. This appeal involves an action seeking attorney's fees for work performed. The plaintiff appeals from a judgment of the trial court in favor of the defendant.

On appeal the plaintiff raises the following claims: (1) the court erred in holding that the defendant was not personally responsible for the contract when this defense was not specially pleaded; (2) the court erred in requiring the plaintiff to bear the burden of proof concerning the defendant's individual responsibility under the contract; and (3) the court erred in excluding from evidence two letters written by the plaintiff.

The following facts were found by the trial court. The defendant, owner of the New Haven Credit Adjustment Bureau, Inc., contacted the plaintiff to represent the corporation's interest in several matters before a federal court. Soon thereafter, the defendant became somewhat disenchanted with the plaintiff's legal representation of the corporation. Eventually, the defendant settled the matters of the corporation out of court and by himself. The plaintiff contends that he worked over 100 hours for the defendant without receiving compensation. The plaintiff attempts to obtain compensation for his services through this action.

In his first claim, the plaintiff alleges that the trial court erred in holding that the defendant was not personally responsible for the contract when that defense was not specially pleaded. Specifically, the plaintiff claims that by not specially alleging that this was a corporate debt, he had no notice of the claim. In support of his position, the plaintiff relies on Practice Book § 164, which provides in pertinent part: ''No facts may be proven under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding that he has no

cause of action, must be specially alleged." Our Supreme Court, in *DuBose* v. *Carabetta,* 161 Conn. 254, 261, 287 A.2d 357 (1971), has explained the rationale which underlies § 164: "The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way . . . ."

The plaintiff's claim, however, is incorrect. By denying the plaintiff's allegation that the defendant was personally liable on the debt, the defendant was permitted to prove facts which "show that the plaintiff's statements of fact are untrue" without specially pleading those facts. Practice Book § 164; *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 6, 327 A.2d 583 (1973). In *Pawlinski,* our Supreme Court stated (p. 6): "Even *under a denial,* a party generally may *introduce affirmative evidence* tending to establish a set of facts inconsistent with the existence of the disputed fact." (Emphasis added.) In this action, the defendant's case consisted of introducing affirmative evidence that no professional services had been rendered to the defendant on an individual basis.

Moreover, the plaintiff waived any deficiency in the pleadings by failing to object to evidence concerning corporate liability of the debt. It is a well established rule that the failure to raise a special defense is waived when the evidence is admitted without an objection. *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* 203 Conn. 123, 132, 523 A.2d 1266 (1987); *Damora* v. *Christ-Janer,* 184 Conn. 109, 112, 441 A.2d 61 (1981).

In the plaintiff's second claim of error, he contends that the court erred in requiring the plaintiff to bear the burden of proof concerning the defendant's liability for the amount owed. It is well established that the party who initiates an action and who seeks a judgment

in his favor must prove that which he alleges in order to prevail. See *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552–53, 219 A.2d 225 (1966); B. Holden & J. Daly, Connecticut Evidence § 53. Whether the plaintiff sustained his burden of proof is a question of fact for the trier. Our job in reviewing a factual determination of the trial court is limited. "We are not the finders of fact; that is for the trial court." *Capmar Construction, Inc.* v. *Coyle,* 4 Conn. App. 579, 580, 495 A.2d 1115 (1985). Our job is merely to examine if there is sufficient evidence in the record to support the decision of the trial court. *Cashman* v. *Calvo,* 196 Conn. 509, 514, 493 A.2d 891 (1985). The evidence in the record overwhelmingly supports the court's decision.

The plaintiff's final claim is that the court erred in not allowing the plaintiff to introduce two letters into evidence. The plaintiff contends that these two letters were written by him contemporaneously with telephone conversations which he had regarding his representation of the corporation. In support of his argument, the plaintiff contends that the letters are admissible as reply letters and as business records.

We find the plaintiff's arguments imaginative, yet unconvincing. To be admissible as a reply letter, the letter must be claimed by the recipient, not the sender. See C. McCormick, Evidence (3d Ed.) § 225, pp. 695–97. The plaintiff's attempt to have the letters come within the business records exception to the hearsay rule is equally without merit. This court has held that to fall within this narrow exception it must be shown (1) that the document was made in the regular course of business, and (2) that it was in the regular course of business to make the writing or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter. *Connecticut Limousine Service, Inc.* v. *Powers,* 7 Conn. App. 398, 400, 508 A.2d

836 (1986). The record indicates that the plaintiff failed to establish both of these requirements. The trial court correctly refused to consider the letters.

There is no error.

In this opinion the other judges concurred.