JUDITH SIDNEY ET AL. *v.* PHILIP N. DEVRIES ET AL.
(6712)

DUPONT, C. J., STOUGHTON and JACOBSON, Js.

Argued February 10—decision released June 13, 1989

*Robert L. Fisher, Jr.,* for the appellant (defendant Rex K. Callum).

*John P. Febbroriello,* with whom, on the brief, was *Stephanie M. Weaver,* for the appellees (plaintiffs).

DUPONT, C. J. This appeal involves a counterclaim in which the defendant sought payment for materials and services supplied by the defendant[1] in the remodeling of the plaintiffs' home. The defendant appeals from a judgment of the trial court in favor of the plaintiffs on the defendant's counterclaim.[2]

The defendant claims that the trial court erred (1) in rendering judgment for the plaintiffs on the basis of the defendant's noncompliance with General Statutes § 20-429 (a) and (c) of the Home Improvement Act, when the plaintiffs had not pleaded noncompliance as a special defense, and (2) in finding that the act precluded the defendant from recovery under a theory of quantum meruit.

The defendant's amended counterclaim consisted of four counts, three of which are involved in this appeal.[3] Two counts alleged that the parties had entered into an oral agreement for the furnishing of materials and

---

[1] The action was withdrawn as to the named defendant Philip N. DeVries. The word "defendant" as used in this opinion refers to Rex K. Collum, a general contractor.

[2] The plaintiffs brought suit against the defendant, claiming improper and defective completion of a contract for the remodeling of their home, and seeking damages. The court rendered judgment for the defendant on the plaintiffs' complaint. The plaintiffs have not appealed from that judgment.

[3] The fourth count alleged that the plaintiffs slandered and defamed the reputation, business ability and skill of the defendant.

the rendering of services in connection with the renovation of the plaintiffs' residence. A third count alleged that the defendant had furnished materials and services at the request of the plaintiffs for which he had not been paid in full and which had the same value as the amount set out in the other two counts. The plaintiffs filed an answer, essentially denying all of the allegations in the defendant's counterclaim, and a special defense to the counterclaim alleging that the defendant did not comply with the Home Solicitation Sales Act. General Statutes § 42-134a et seq. The plaintiffs did not specially plead General Statutes § 20-429 (a) of the Home Improvement Act.

Concluding that the defendant failed to comply with General Statutes § 20-429 (a) and (c) of the Home Improvement Act, the trial court rendered judgment for the plaintiffs on the defendant's counterclaim. In its memorandum of decision, the court did not comment directly on the plaintiffs' failure specially to allege a violation of the act by the defendant. It did, however, state that the evidence that supported a finding that the act was violated was either introduced by the defendant or not objected to by the defendant. The defendant claims that the court could not render a judgment for the plaintiffs on the basis of noncompliance with the act because it is a special defense and one not encompassed in the plaintiffs' general denial. The plaintiffs claim that the court could consider the act even though they only alleged a violation of the Home Solicitation Sales Act as a special defense.

In order to determine the effect of the plaintiffs' failure specially to allege a violation of the act as a defense, we must examine certain facts. On the fourth day of the trial, the court and the plaintiffs' counsel engaged in a colloquy concerning the act.[4] This was the first time

---

[4] The following discussion took place between the court and the plaintiffs' counsel:

that the act was mentioned at trial. On the last day of trial, after the defendant had rested his case on his counterclaim, the plaintiffs moved to dismiss the defendant's counterclaim pursuant to § 302 of the Practice Book for failure to make out a prima facie case,[5] relying specifically on the defendant's failure to demonstrate compliance with the act. The plaintiffs never sought to amend their special defense to allege noncompliance with the act. Practice Book § 174 et seq.

On appeal, the defendant argues that the plaintiffs' failure specially to plead the Home Improvement Act violates Practice Book § 109A which provides in pertinent part: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." The plaintiffs contend that Practice Book § 109A provides authority for the rule that a statute may be denominated numerically when it is relied upon in a party's pleading. We agree with the plaintiff's view. The word "when" as used in § 109A connotes a condition or a contingency; see Ballentine's Law Dictionary (3d Ed.); and may be equated with the word "if." The purpose of § 109A is to allow the defending party to be aware of the precise statute upon which

---

"The Court: Mr. Febbroriello, what's your position?

"Mr. Febbroriello: You know, again—again, Your Honor, I think I have to object, under the circumstances. You know—

"The Court: Well, you claim now that this being within *the Home Improvement Act* must be in writing?

"Mr. Febbroriello: That would be my position, Your Honor." (Emphasis added.)

[5] Practice Book § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

his adversary relies. *Rowe* v. *Godou,* 209 Conn. 273, 275, 550 A.2d 1073 (1988); *Gionfriddo* v. *Avis Rent A Car Systems, Inc.,* 192 Conn. 280, 290–91 n.10, 472 A.2d 306 (1984); *DeVita* v. *Esposito,* 13 Conn. App. 101, 103–104, 535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 504 A.2d 375 (1988).

The question here, however, is not whether a statute was correctly identified by its number but whether a statute should have been specially pleaded as a defense. Section 164 of the Practice Book addresses whether a defense must be specially pleaded. The defendant implicitly relies on § 164 in his brief, and we will address his claim under this section. Section 164 of the Practice Book provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own." The purpose of § 164 is "to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way . . . ." *DuBose* v. *Carabetta,* 161 Conn. 254, 261, 287 A.2d 357 (1971).

In his counterclaim, the defendant relied upon facts that supported an oral contract.[6] The plaintiffs attempted

[6] The defendant also relied upon facts that supported his theory of recovery under quantum meruit.

to prove at trial that, notwithstanding the merits of the defendant's claim grounded on oral contract, the defendant had failed to comply with either the Home Solicitation Sales Act or the Home Improvement Act, both of which require contracts for certain services to be in writing.[7] The operative effect of a defense premised on the act is to render a home improvement contract invalid if the "entire agreement between the owner and the contractor" is not in writing, even though it might otherwise be valid as an oral contract. Allegations that an oral agreement is unenforceable under the act are consistent with the defendant's allegations relying on an oral contract, "but show, notwithstanding, that [the defendant] has no cause of action . . . ." Practice Book § 164. Consistent facts must be specially alleged; id.; and may not be proved under a general denial. The fact that the writings of the parties did not contain the entire agreement of the parties, as admitted by the defendant in his testimony, and as found by the court, is a fact that destroyed the liability of the plaintiffs under the act, even if all of the facts as alleged in the defendant's counterclaim were true. Therefore, the act should have been specially alleged as a defense by the plaintiffs. See *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 5–8, 327 A.2d 583 (1973). When the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case, a special defense is required. *Bernier* v. *National Fence Co.,* 176 Conn. 622, 629–30, 410 A.2d 1007 (1979). We conclude

---

[7] General Statutes § 20-429 (the Home Improvement Act) provides in pertinent part: "(a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."

General Statutes § 42-135a (the Home Solicitation Sales Act) provides in pertinent part: "No agreement of the buyer in a home solicitation sale shall be effective if it is not signed and dated by the buyer . . . ."

that the plaintiffs should have pleaded the Home Improvement Act as a special defense.[8]

The plaintiffs claim that the defendant waived any deficiency in the pleadings by failing to object to evidence admitted under the Home Improvement Act. It is well established that a failure to allege a special defense is waived if evidence relating to that special defense is admitted without objection. *Pepe* v. *New Britain,* 203 Conn. 281, 286, 524 A.2d 629 (1987); *Presnick* v. *DeRosa,* 12 Conn. App. 554, 556, 532 A.2d 1309 (1987); see also *Lo Sacco* v. *Young,* 210 Conn. 503, 509, 555 A.2d 986 (1989).

Our scrutiny of the transcript of the proceedings before the trial court indicates that the evidence introduced by the plaintiffs could have been admitted under either the Home Solicitation Sales Act or the Home Improvement Act. The evidence that related solely to the Home Improvement Act, namely, that which established that the writings submitted did not contain the *entire agreement of the parties;* General Statutes § 20-429 (a); was not objected to by the defendant and was, in part, introduced by the defendant. The defendant, therefore, waived the plaintiffs' failure to specially plead the Home Improvement Act.

The question remains whether the trial court properly found for the plaintiffs on the defendant's counterclaim. The court relied entirely on the Home Improvement Act in rendering judgment for the plaintiffs on the defendant's counterclaim. The court found

---

[8] Relying on *Caulkins* v. *Petrillo,* 200 Conn. 713, 716 n.4, 513 A.2d 43 (1986), the plaintiffs contend that the § 20-429 (a) of the Home Improvement Act falls within the statute of frauds exception to Practice Book § 164. *Caulkins,* however, did not address the pleading problem at issue in this case, but rather addressed whether the Home Improvement Act, General Statutes § 20-429 (a), barred recovery under the doctrine of full performance, a common law exception to the provisions of the statute of frauds. General Statutes § 52-550.

that the work to be performed, as well as the business of the defendant, fell within the scope of that act. General Statutes § 20-419. The court further found that the evidence introduced by the parties unequivocally demonstrated that no written contract containing their entire agreement existed. The court found that it was impossible to reconcile the agreements in evidence to form a written contract containing the entire agreement between the parties because the agreements were full of contradictory terms, and that no writing clearly set out the scope of the work, extras or the many other details necessary to complete an agreement. Accordingly, the court concluded that the defendant's counterclaim relying on an oral contract was barred by General Statutes § 20-429 (a), which provides: "No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."

"It is well established that appellate courts will not retry facts or pass upon the credibility of witnesses and the weight to be accorded the evidence. . . . We are limited in our review to determining whether the judgment of the trial court was clearly erroneous, or if the judgment was contrary to law." (Citations omitted.) *Golfin* v. *Plymouth Industrial Development Corporation of Connecticut, Inc.,* 15 Conn. App. 804, 543 A.2d 287 (1988). The facts found by the trial court were sufficient for the court to have concluded that the agreement between the parties fell within the Home Improvement Act and that the defendant's counterclaim, relying on an oral contract, was barred by General Statutes § 20-429 (a). The facts found are not clearly erroneous, and the conclusion based upon those facts is legally and logically correct. The trial court did not err, therefore, in finding for the plaintiffs' on the defendant's counterclaim.[9]

---

[9] Even if the court had decided the case based on the special defense to the counterclaim of the Home Solicitation Sales Act, the result would have

The defendant's last claim is that the trial court erred in finding that the act precluded him from recovery under a theory of quantum meruit. The defendant's claim is disposed of by *Caulkins* v. *Petrillo,* 200 Conn. 713, 717, 513 A.2d 43 (1986). In *Caulkins,* the court held that the plaintiff's claim that the trial court erred in concluding that General Statutes § 20-429 bars enforcement of oral home improvement agreements that have been fully performed was unavailing. The court's reasoning is applicable to the present case in that the language of § 20-429 (a) is "clear and unambiguous" and precludes implied exceptions to its mandate that home improvement contracts must be in writing. Id., 717–18.

There is no error.

In this opinion the other judges concurred.

been the same. The court found that the parties did not have an agreement in writing. The Home Solicitation Sales Act generally requires that the agreements covered by it be in writing; see General Statutes § 42-135a; although it may also be violated in a number of other ways. See General Statutes § 42-134a et seq. Whether the special defense was the Home Improvement Act or the Home Solicitation Sales Act, the defendant could not have recovered on his counterclaim, and the decision of the court could be upheld even if one of the special defenses should have been pleaded but was not. See *Norwalk Door Closer Co.* v. *Eagle Lock & Screw Co.,* 153 Conn. 681, 686–87, 220 A.2d 263 (1966); cf. *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 410–11, 363 A.2d 86 (1975).