[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
On October 1, 1990, the plaintiff, Jacques Garrique, filed a three count revised complaint in which he alleges that on April 8, 1990 he was told by defendant Danehy that he was fired effective immediately. The plaintiff alleges that the defendants wrongfully fired the plaintiff by breaking their oral and written promises of employment.
The plaintiff alleges that from January 4, 1988 through April 8, 1990, he was an Executive Chef at the defendant the Greenwich Country Club ("Club"), a specially chartered corporation located in Greenwich, Connecticut. The defendant, Robert M. Lane ("Lane"), was, from the period of January 4, 1988 through March 31, 1990, President of the Club and allegedly was authorized to act on its behalf, and did act within the scope of his officials functions and duties on all matters concerning the plaintiff's employment. Defendant Daniel M. Danehy ("Danehy") was, from the period of January 1, 1990 to date, the General Manager of the Club and was authorized to act within the scope of his official functions and duties on all matters concerning the plaintiff's employment. The plaintiff alleges his initial employment contract with the Club was the term of January 4, 1988 through December 31, 1988, on the terms and conditions set forth in a letter dated December 15, 1987 from John Moreland, then General CT Page 7004 Manager.
Plaintiff alleges that when the initial contract expired on December 31, 1988, he continued his employment during January, February, and March, 1989, and on March 9, 1989, received a new contract, with a retroactive pay raise, on the terms and conditions set forth in a letter to plaintiff dated March 9, 1989, (attached to the revised complaint).
On December 8, 1989 Lane allegedly told the plaintiff that the terms of the plaintiff's existing employment contract would be reviewed by Danehy and after that review Lane and others would meet with the plaintiff to discuss the terms of the plaintiff's contract for the year 1990. The plaintiff alleges because of the past years' experience, and the December 8th letter (attached to the revised complaint), he was caused to believe that he had been promised employment with the Club for the year 1990.
Plaintiff alleges that in the first week of March, 1990 he met with Lane and Danehy and discussed the operations of the kitchen and the terms of the plaintiff's 1990 contract. The plaintiff further alleges that at that meeting he was told that due to budgetary restraints, his salary for 1990 would have to remain at the same level as 1989. The plaintiff alleges that he acceded and that Lane then told Danehy to "make up a new contract for Chef when you have the chance."
The plaintiff alleges that the defendants' actions and words, taken together, constituted a clear and definite term, express or implied, from January 1, 1990 through December 31, 1990 at a definite salary and that the defendants expected or reasonably should have expected plaintiff to rely on such promise. The plaintiff alleges that he did rely on the promise of continued employment and continued as Chef during the months of January, February, March, and April, 1990. As previously stated, plaintiff's employment was terminated on April 8, 1990.
On November 14, 1990, the defendants, the Club, Lane, and Danehy, filed a motion to strike counts one, two, and three of the revised complaint for failure to state a claim upon which relief can be granted. They also filed a memorandum of law in support. On December 6, 1990 the plaintiff filed a memorandum in opposition to defendants' motion to strike.
"The purpose of a motion to strike is to `contest. . .the legal sufficiency of allegations of any complaint. . .to state a claim upon which relief can be granted.'" (citations omitted). Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988); Conn. Practice Bk. 152. "[I]n passing upon a motion CT Page 7005 to strike a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view them in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corp., 4 Conn. App. 69, 74 (1985), citing Amodio v. Cunningham, 182 Conn. 80, 83 (1980). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Cavallo v. Derby Savings Bank, 188 Conn. 281, 286
(1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 135 (1985).
Defendants assert that count one, breach of an implied contract of employment for definite term, fails to state a claim upon which relief can be granted. The defendants assert that the plaintiff does not allege "any words or conduct that constitute a clear and definite promise by any of the defendants that plaintiff would remain employed for any definite term, or that plaintiff's employment could not or would not be terminated prior to the end of the year 1990, or that the Club was waiving or otherwise bargaining away its right to terminate plaintiff's employment at any time." The defendants further assert that the two letters dated December 15, 1987 and March 9, 1989 from John Moreland, General Mgr. confirming employment (Exhibit A and B to the revised complaint) do not support plaintiff's allegations that these letters constituted one year employment contracts. Rather, the defendants argue that the letters did not constitute definite terms of employment. The defendants also maintain that the plaintiff had no fixed duration for his employment and was terminable at will. In addition the defendants assert that the defendants must reasonably have expected these promises to induce reliance or forbearance, and plaintiff must have relied upon them to his detriment in order to establish an implied contract based on a theory of promissory estoppel.
The plaintiff alleges in the revised complaint that the defendants' actions and words, (previous course of dealings) taken together, constituted a clear and definite promise of continued employment with the Club for a definite term, express or implied, from January 1, 1990 through December 31, 1990, and at a definite salary, and that the defendants expected, or reasonably should have expected, the plaintiff to rely on such promise.
 Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. E. Farnsworth, Contracts (1982) Section 2.9, p. 89; A. Corbin Contracts (1963) Section 193 p. 188. CT Page 7006 This court has recognized, however, the "development of liability in contract for action induced by reliance upon a promise, despite the absence of commonlaw consideration normally required to bind a promisor; see Restatement (Second), Contracts Section 90 (1973)." Sheets v. Teddy's Frosted Foods, Inc., supra, 475; Hebrew University Assn. v. Nye, 148 Conn. 223, 232, 169 A.2d 641 (1961); see A. Corbin, supra, Section 194, p. 193. Section 90 of the Restatement Second states that under the doctrine of promissory estoppel "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcing of the promise." A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all. E. Farnsworth, supra, Section 2.19, p. 95. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213 (1987).
Mill's Pride, Inc. v. David Somers, 2 CTLR 292, 293 (Spada, J., September 13, 1990).
It is found that the plaintiff has alleged sufficient facts in his complaint to state a cause of action based upon an implied promise to continue employment for the next year on which the plaintiff relied.
The defendants also assert as an alternative ground to strike count one, that Lane was exercising his policy or decision-making responsibilities in good faith and within the scope of his official functions and duties and since there are no allegations that Lane caused damage or injury to plaintiff he is immune under Conn. Gen. Stat. 52-557m.
Conn. Gen. Stat. 52-557m states:
 Any person who serves as a director, officer or trustee of a nonprofit organization qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of 1986, or any subsequent corresponding internal revenue code of the United States, as from time to time amended, and who is not compensated for such services on a salary or prorated equivalent basis, shall be immune from civil liability CT Page 7007 for damage or injury occurring on or after October 1, 1987, resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities if such person was acting in good faith and within the scope of such person's official functions and duties, unless such damage or injury was caused by the reckless, wilful or wanton misconduct of such person.
"The purpose of a special defense is to plead facts which are consistent with allegations of the complaint but show notwithstanding, that the plaintiff has no cause of action. Conn. Practice Bk. 164." Commissioner of Environmental Protection v. National Can Corporation, 16 Conn. L. Trib. No. 11, p. 21 (1990); Sidney v. Devries, 18 Conn. App. 581, 585, aff'd 215 Conn. 350 (1989) (1990). Therefore, it is found that the defendants must plead immunity under Conn. Gen. Stat.52-557m as a special defense to count one of the amended complaint.
The defendants also assert as another ground that the personal injuries alleged by the plaintiff in count one of the amended complaint are barred by the exclusive remedy rule of the Connecticut Workers' Compensation Act. Conn. Gen. Stat.31-284(a).
In the plaintiff's memorandum in opposition to defendants' motion to strike, the plaintiff concedes that the claim for personal injuries is barred by the Connecticut Workers' Compensation Act and therefore removed from count one. It is the opinion of the court that, absent the workers' compensation claims, count one is legally sufficient and the motion to strike, as to count one should be denied.
It is found that the defendants have improperly used a motion to strike to raise special defenses. It is further found that the defendants' claims of bar by immunity and the exclusive remedy rule of the Connecticut Workers' Compensation Act, if addressed in the motion to strike, would require the court to examine facts beyond the complaint, which it is not permitted to do on a motion to strike. See Cavallo v. Derby Savings Bank, 188 Conn. 281, 286 (1982).
Defendants move to strike count two of the plaintiff's revised complaint alleging negligent misrepresentation by the individual defendants acting on behalf of the Club and within the scope of their official functions and duties. The defendants maintain that count two is legally insufficient because the plaintiff has not alleged facts to support a claim of negligent misrepresentation. CT Page 7008
The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.'" (citation omitted). D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217 (1987).
In D'Ulisse-Cupo, 202 Conn. 205 at 218, the court recited the principles governing a cause of action in tort for negligent misrepresentation as set forth in 552 of the Restatement Second of Torts (1979):
 One who, in the course of his business, profession, or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
In count two, paragraph seven plaintiff alleges "because of the past year's experience . . . and because of Defendant Lane's letter of December 8th, the plaintiff was caused to believe that he had been promised employment by the Club for the year 1990, to terminate no sooner than December 31, 1990." Furthermore, paragraph nine states that:
 The defendants Lane and Danehy failed in their duty owed to the plaintiff to exercise reasonable care or competence in obtaining or communicating to the plaintiff information concerning his employment in that, at the time they made the representations. . . they knew, or should have known:
 (a) that the plaintiff was not going to be employed through the year 1990;
 (b) that the Board of Governors of the Greenwich Country Club had determined, sometime prior to April 8, 1990, to fire the plaintiff during the year 1990.
The Supreme Court in D'Ulisse-Cupo stated that:
 [T]he case law in numerous jurisdictions suggests that courts liberally construe the pleadings in a way so as to sustain such a claim [for negligent CT Page 7009 misrepresentation], particularly where the allegations in a complaint indicate, on their face, that an employer failed to exercise reasonable care in making representations to an employee on which the employee relied to his detriment. D'Ulisse-Cupo, 202 Conn. at 219-20 (1987) (citations omitted).
Applying the elements of negligent misrepresentation to the case before the court, it is found that plaintiff's allegations of negligent misrepresentation in count two are sufficient to withstand a motion to strike.
As to the third count, the defendants assert that the facts were not sufficiently pleaded to support the conclusion that Lane, President, and Danehy, General Manager, were not authorized to act, or were acting outside the scope of their official duties. Defendants also claim that Lane is immune under Conn. Gen. Stat. 52-577m. As stated previously when premising a defense on immunity, it must be specially alleged. It is found that count three of negligent misrepresentation is sufficient to withstand a motion to strike.
The motion to strike is denied.
JOHN J. P. RYAN, JUDGE.