[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
The following facts are alleged in the plaintiff's complaint. On September 18, 1986, the plaintiff, D.H.R. Construction Company, Inc., a carpentry contractor, and the defendant, Lamplight Condominium Association, Inc., entered into a contract whereby the plaintiff would perform repair work to the common elements of the condominium. The total value of the work performed in accordance with the contract was $3,528.00, of which $1,200 has been paid while $2,328 remains due. The plaintiff filed a two count complaint on October 2, 1991. Count one seeks damages for breach of contract while count two sounds in quasi contract and claims unjust enrichment.
The defendant filed a motion to strike the first and second counts of the plaintiff's complaint on November 18, 1991 on the grounds that the plaintiff failed to state a cause of action under the Home Improvement Act (hereinafter "the Act"). The defendant argues that the first count should be stricken because (1) the plaintiff failed to allege that it possesses a valid certificate of registration as is required by the Act; (2) the plaintiff failed to allege that the contract was in writing as required by the Act; and (3) that work performed by a contractor on the common elements of a condominium complex does not fall within the purview of the Act. The defendant further argues that the second count of the complaint should be stricken on the grounds that recovery by a home improvement contractor under a quasi contract theory claiming unjust enrichment is legally insufficient if the contractor has not complied with the Act.
The motion to strike contests the legal sufficiency of the allegations of any complaint to state a claim upon which relied may be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The trial court, in deciding a motion to strike, must admit the truth of all facts well pleaded, Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 358 (1985), and the court is limited to the facts alleged in the complaint. Gordon, supra, 170. However, the court should not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108. The court's inquiry is "if facts provable undo the allegations would support a defense or cause of action, then the motion to strike must fail." Id., 108.
In the present action the plaintiff's complaint does not allege an oral contract or anything else which might show that this case is governed by the Act and that the Act's provisions have not been met, see Liljedahl Bros. v. Grigsby 215 Conn. 345,576 A.2d 149 (1990); Skovron v. Belgrail Corp., 6 CSCR 533 (May 8, 1991, Ryan, J.), but rather simply alleges a breach of contract claim and quasi contract claim. Viewing the allegations in the light most favorable to the plaintiff, the court finds the complaint states legally sufficient claims.
However, while the defendant may not move to strike the plaintiff's complaint for noncompliance with the Act, the Act may be pled as a special defense. Practice Book 164 states that:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, CT Page 1405 notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, converture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded. While advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own.
 "The purpose of 164 is `to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way . . . .'" Snyder v. DeVries, 18 Conn. App. 581, 585, 559 A.2d 1145 (1989) citing Dubose v. Carabetta, 161 Conn. 254, 261, 287 A.2d 357 (1971). In the present action, the three grounds raised by the defendant in support of its motion to strike should be raised by special defense in that they are facts which are consistent with the allegations of the plaintiff and may establish that plaintiff has no cause of action.
In Sydney v. DeVries, supra, the Appellate Court held that the defendant's allegations that oral agreements are unenforceable under the Home Improvement Act were consistent with the plaintiff's allegations. Id., 586.
 Consistent facts must be specially alleged; id.; and may not be proved under a general denial. The fact that the writings of the parties did not contain the entire agreement of the parties, as admitted by the defendant in his testimony, and as found by the court, is a fact that destroyed the liability of the plaintiffs under the act, even if all of the facts as alleged in the defendant's counterclaim were true. Therefore, the act should have been specially alleged as a defense by the plaintiffs.
Id., 586. In addition, "[w]hen the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case, a special defense is required." Id.; see also Pawlinski v. Allstate Ins. Co., 165 Conn. 1,6, 327 A.2d 583 (1973); Bernier v. National Fence Co.,176 Conn. 622, 629-30, 410 A.2d 1007 (1979). The defendant's arguments in its motion to strike that the plaintiff failed to satisfy the requirements of the Home Improvement Act are based upon its assertion of facts which are consistent with the CT Page 1406 plaintiff's allegations but would establish that no cause of action lies. Therefore, defendant's motion must fail because its alleged noncompliance with the Act should be pled as a special defense and is not the proper subject of a motion to strike.
The defendant's motion to, strike is denied.
Burns, J.