[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Anthony Mirto brings this action against the defendant City of Waterbury ("City") seeking judgment for $3,520. which he alleges is due him for services he rendered to the City pursuant to a written consulting agreement. In the second count of his complaint, he also seeks judgment for twice CT Page 629 the wages due and attorneys' fees under General Statutes § 31-72. In its answer to the complaint, the City admitted only that it is a municipal corporation organized under the laws of the State of Connecticut. The City did not file any special defenses. However, in the memoranda of law which it filed, the City contends that the contract between the plaintiff and the City is not valid because it was not approved by the Board of Finance and the Board of Aldermen for the City.
The material facts are not in dispute. The plaintiff was the City Planner for the City of Waterbury for over forty years when, in the fall of 1991, he gave notice that he would retire effective December 9, 1991. The then Mayor of the City, Joseph S. Santopietro, entered into a written consulting agreement on behalf of the City with the plaintiff whereby the plaintiff, while collecting his pension, would also work for the City from December 9, 1991 through December 31, 1991 as the City Planner for compensation at the rate of $1,100. per week. Santopietro had been defeated in the mayoral election in November, 1991 and a different mayor, Edward Bergin, was to be inaugurated on January 1, 1992.
Mirto performed as required under the consulting agreement and billed the City for $3,520., representing three weeks' work less one holiday, Christmas. The plaintiff has not been paid by the City. Mayor Bergin testified at trial that under the City charter, all non-emergency City contracts must be approved by the Board of Finance and the Board of Aldermen. The City Controller testified that the plaintiff's bill was not approved for payment by his office because of the lack of proper approvals. The plaintiff himself admitted in his testimony that he knew that Aldermanic and Board of Finance approval were required for a "legally authorized" contract with the City.
The parties disagree as to whether the issue of the lack of necessary approvals is properly before the court. The plaintiff contends that the lack of required approvals for the agreement is not before the court because it must be raised by special defense and the City never filed a special defense. Counsel for the City insists that a special defense is not required in order to raise this issue.
Practice Book § 164 provides
No facts may be proved under either a general or CT Page 630 special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus . . . illegality not apparent on the face of the pleadings . . . must be specially pleaded . . .
(Emphasis added.) Application of this rule depends on a close analysis of the pleadings to determine whether the complaint raises the issue of illegality. In Norwalk Door Closer Co. v.Eagle Lock Screw Co., 153 Conn. 681 (1966), the plaintiff sued for money damages under a liquidated damages provision of a contract. The defendant claimed that the provision was illegal because it imposed a penalty. The Supreme Court held that the defendant needed to file a special defense in order to raise the illegality of the liquidated damages provision because the allegations of the complaint did not raise the issue of illegality. Id., 686-7. The Appellate Court held in Sidney v.DeVries, 18 Conn. App. 581 (1989), that a claim of unenforceability of a construction contract because of lack of compliance with the Home Improvement Act must be alleged as a special defense because the claim was consistent with the allegations of the counterclaim, but would show, notwithstanding, that there was no cause of action. The Appellate Court found that failure to comply with the Home Improvement Act would vitiate liability even if all the allegations of the counterclaim were found true and a special defense therefore was necessary to raise the issue. Id., 586. In Pawlinski v. Allstate Insurance Co.,165 Conn. 1 (1973), the Supreme Court cited an illustration of the Practice Book rule concerning special defenses:
 D is liable to P if a, b, and c are true unless d is also true. If d contradicts a, b, or c, then evidence of d may be admitted under a denial. If, however, the existence of d does not negate the existence of a, b, or c, but independently destroys liability, then evidence of d may be admitted only under a special defense.
Id., 6-7.
The plaintiff's complaint in this action alleges the existence of the agreement, its approval by the City Plan Commission, performance by the plaintiff, request for payment CT Page 631 and the City's refusal to pay. The City's contention that the agreement is invalid because it was not approved by the Board of Finance and the Board of Aldermen does not contradict the allegations of the complaint. Instead, it independently vitiates liability. Therefore, evidence of the lack of approvals may be admitted only under a special defense. In the terms of Practice Book § 164, the City's claim of illegality is "consistent with" the plaintiff's allegations in the complaint, but shows, "notwithstanding, that he has no cause of action . . ." The City's claim of illegality therefore must be specially alleged in order to be considered by the court. City counsel's failure to file a special defense is fatal to the City's claim of illegality.
Counsel for the City contends that it is the plaintiff who bears the burden of proving the legality of the consulting agreement. The cases cited by the City allegedly in support of this contention do not sustain the City's claim. Neither of the two cases cited addresses the specific issue before this court. In John J. Brennan Construction Corp., Inc. v. City of Shelton,187 Conn. 695 (1982), the issue was whether a contract had been created. The issue in Norwalk v. Board of Labor Relations,206 Conn. 449 (1988), was whether the chairman of the board of police commissioners had the authority, apparent or otherwise, to agree to a settlement of a claim. Neither of these cases involved a claim of illegality of a municipal contract. Neither case addressed the necessity for a special defense or the application of Practice Book § 164. There is no merit to the City's claim that the plaintiff bears the burden of proving approval of the consulting agreement by all necessary boards or commissions.
Some cases have held that the failure to raise a special defense is waived when evidence in support of the special defense is admitted without objection. Presnick v. DeRosa,12 Conn. App. 554, 556 (1987). This case is inappropriate for any finding of waiver, however. Waiver is defined as the intentional relinquishment of a known right. Dragan v. ConnecticutMedical Examining Board, 223 Conn. 618, 629 (1992). From the outset of trial, the plaintiff made clear its intention to object to evidence that the agreement was not approved by the Board of Finance and the Aldermen because of the City's failure to file a special defense to that effect. At the beginning of trial, the plaintiff filed a motion to preclude the City from seeking to amend its answer to add a special defense of CT Page 632 illegality of the consulting agreement. The motion was denied on procedural grounds. Thereafter, counsel for the plaintiff many times objected to evidence of the lack of the approvals and most of those objections were sustained by the court. There were also instances where the plaintiff failed to object to evidence of the lack of approvals, but those occasions were few in number. The record in this matter would not support a finding that the plaintiff intentionally relinquished his right to bar evidence of lack of Board of Finance and Aldermanic approval of the consulting agreement.
In the second count of the complaint, the plaintiff seeks double damages and attorneys' fees under General Statutes § 31-72, concerning civil actions to collect wage claims. The Appellate Court has twice ruled that an award of double damages or attorneys' fees under Section 31-72 is inappropriate unless the trial court makes a finding of bad faith, arbitrariness or unreasonableness. Matteson v. Great Eastern Development, Ltd.,18 Conn. App. 618, 621 (1989); Crowther v. Gerber GarmentTechnology, Inc., 8 Conn. App. 254, 265 (1986). Both Appellate Court cases were cited with approval by the Supreme Court inSansone v. Clifford, 219 Conn. 217, 229 (1991).
The City's refusal to pay the plaintiff was not characterized by bad faith, arbitrariness or unreasonableness. The City properly refused payment because the plaintiff's consulting agreement was not approved by the Board of Finance or the Board of Aldermen. The plaintiff admitted that such approvals were required. The result in the plaintiff's favor in this case occurs because City counsel failed to raise the lack of approvals as a special defense, not because the City lacked a valid defense to payment. Judgment is entered for the defendant on the second count of the complaint.
Judgment is entered for the plaintiff on the first count of the complaint for damages of $3,520. plus costs.
/s/ Vertefeuille, J. VERTEFEUILLE