[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #126)
The plaintiff, Richard Campbell, filed a two-count complaint against the defendants Robert and Carol Romaine on March 14, 1995, alleging breach of contract for architectural services. The defendants filed a motion to strike on January 4, 1996, and the plaintiff filed an objection on January 12, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 1401-EEE state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993).
The defendant moves to strike the first and second counts of the complaint on the grounds that the complaint is governed by the Home Sales Solicitation Act (HSSA), General Statutes § 42-143a et seq., because all communications occurred in the defendants' home, and the plaintiff has failed to allege that the agreement was made in writing as required by the Act. The defendants also argue that the plaintiff failed to join a necessary party, an assistant in an affidavit of debt filed in the lawsuit.
The plaintiff responds that the motion is a speaking motion, and that licensed architects are exempt from the HSSA.
The complaint does not state where the contacts between the plaintiff and defendant occurred, and whether the agreement was in writing. "Where the legal grounds for such a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The defendants argue that the court cannot assume that the contract was in writing and the contacts were in the plaintiff's office, and therefore the plaintiff has not stated a cause of action. The plaintiff has stated a cause of action in breach of contract. The court cannot assume facts to bring the action under the HSSA. Such a claim would be better addressed as a special defense, Sidney v.DeVries, 18 Conn. App. 581, 586, 559 A.2d 1145, aff'd 215 Conn. 350,575 A.2d 228 (1990), or in a motion for summary judgment.
Furthermore, the complaint says nothing about an assistant. A motion to strike challenges whether the complaint states a cause of action, not whether all the papers in the file state a cause of action. Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 214-15. Accordingly, the motion to strike is denied. CT Page 1401-FFF
KARAZIN, J.