[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 108
This matter is before the court on the defendant's motion for summary judgment on the plaintiff's complaint and on the first and second counts of her counterclaim.
On February 28, 1997, the plaintiff, Delbert Layne Jr. d/b/a Delbert Construction Co., filed a one-count complaint against the defendant, Karen Benbow-Robinson. The complaint alleges that the plaintiff and the defendant entered into a certain renovations to a two-family home owned by the defendant, and in return, the defendant agreed to pay the plaintiff the sum of $14,400.00. The plaintiff further alleges that he has completed the agreed upon renovations but the defendant has refused to make payment to the plaintiff. Thereafter, the defendant filed an answer, special defenses and a four-count counterclaim.
On August 26, 1997, the defendant filed a motion for summary judgment together with a supporting memorandum of law and two exhibits.[1] The defendant seeks summary judgment on the complaint and on the first two counts of the counterclaim. On CT Page 956 October 23, 1997, the plaintiff filed an objection to the defendant's motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotations marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995); see Practice Book § 384.
A. The Complaint
The defendant argues that she is entitled to summary judgment on the complaint because the plaintiff failed to comply with the requirements of the Home Improvement Act, General Statutes §§ 20-418 et seq., thereby rendering the subject home improvement contract void and unenforceable. The plaintiff counters that the doctrines of waiver and equitable estoppel prohibit the defendant from relying on the Home Improvement Act.
The Home Improvement Act sets forth the statutory provisions governing home improvement contracts. The purpose of the Home Improvement Act is to protect consumers from unfair trade practices of home improvement contractors. Caulkins v.Petrillo, 200 Conn. 713, 720, 513 A.2d 43 (1986). A home improvement contract is defined as an "agreement between a contractor and an owner for the performance of a home improvement." General Statutes § 20-419 (5). A contractor is defined as "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." General Statutes § 20-419
(4). Furthermore, "[n]o person shall hold himself out to be a CT Page 957 contractor or salesman without first obtaining a certificate of registration from the [Commissioner of Consumer Protection] . . . ." General Statutes § 20-420.
General Statutes § 20-429 (a) provides in part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor."
"[Our] Supreme Court has repeatedly held that if there is no written contract or the written contract does not meet all the statutory requirements, there can be no recovery on the contract against the owner."Jay v. Zahringer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154317 (April 2, 1997, D'Andrea, J.); see Liljedahl Brothers,Inc. v. Grigsby, 215 Conn. 345, 576 A.2d 149 (1990) (refusal to enforce deficient home improvement agreement under theory of implied contract); A. Secondino Son, Inc. v. LoRicco,215 Conn. 336, 576 A.2d 464 (1990) (refusal to enforce nonconforming home improvement agreement under theory of quasi contract);Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990) (refusal to enforce nonconforming home improvement agreement under theory of unjust enrichment); Caulkins v. Petrillo,200 Conn. 713, 513 A.2d 43 (1986) (refusal to allow recovery under doctrine of full performance where home improvement agreement did not meet requirements of statute); Wadia Enterprises, Inc.v. Hirschfeld, 27 Conn. App. 162, 604 A.2d 1339, aff'd,224 Conn. 240, 618 A.2d 506 (1992) (refusal to enforce defective home improvement agreement under theory of waiver, estoppel or consent); Sidney v. DeVries, 18 Conn. App. 581, 559 A.2d 1145
(1989), aff'd, 215 Conn. 350, 575 A.2d 228 (1990) (refusal to enforce agreement under theory of quantum meruit).
In the present case, the defendant argues that the subject home improvement contract is unenforceable because it did not contain a notice of the owner's cancellation rights, a starting and completion date and was not entered into by a registered salesman or a registered contractor. See General Statutes § 20 419 (a) (6), (7) (8). A review of the evidence reveals that CT Page 958 the agreement entered into by the parties contains neither a notice of the owner's cancellation rights nor starting and completion dates.
Conversely, the plaintiff has offered no evidence in support of its objection to the defendant's motion for summary judgment. Rather, the plaintiff merely asserts that the defendant is precluded from relying on the Home Improvement Act by the doctrines of waiver and equitable estoppel. However, a defective home improvement contract is not enforceable under a theory of waiver or estoppel. See Wadia Enterprises, Inc. v.Hirschfeld, supra, 224 Conn. 250-52. "[W]hen a home improvement contract fails to comply with the requirements of the Home Improvement Act, a home improvement contractor cannot recover using `off the contract' theories such as quasi-contract, quantum meruit, unjust enrichment or contract implied in law, absent proof of bad faith on the part of the homeowner. Habetzv. Condon, 224 Conn. 231, 618 A.2d 501 (1992)." Qualx, Inc. v.Bryan, Superior Court, judicial district of Litchfield, Docket No. 067264 (June 9, 1995, Pickett, J.); see A. Secondino Son,Inc. v. LoRicco, supra, 215 Conn. 340 (absent bad faith on the part of the homeowner, § 20-429 permits no recovery in quasi contract by a contractor who has failed to comply with the statute). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.)Habetz v. Condon, supra, 224 Conn. 237. In the present case, both the plaintiff's complaint and objection are devoid of allegations of bad faith. Moreover, the plaintiff has offered no documentary evidence raising the issue of bad faith.
Thus, that there is no genuine issue as to the plaintiff's failure to comply with the requirements of the Home Improvement Act. Also no evidence has been presented indicating that the defendant acted in bad faith. Accordingly, the court grants the defendant's motion for summary judgment on the complaint.
B. The Counterclaims
The defendant also moves for summary judgment on counts one and two of the counterclaim. In count one, the defendant CT Page 959 alleges that the plaintiff's failure to comply with the Home Improvement Act is a per se violation of the Connecticut Unfair Trade Practices Act (CUTPA).[2] In count two, the defendant alleges that the plaintiff's failure to register his trade name amounts to a per se violation of CUTPA.
i. Count One of the Counterclaim
The failure to comply with the Home Improvement Act "is a per se violation of CUTPA by virtue of General Statutes 20-427
(b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." A.Secondino Son, Inc. v. LoRicco, supra, 215 Conn. 343. Where a trial court finds a plaintiff's actions violative of the Home Improvement Act, the court is bound to render judgment for the defendant on the CUTPA count of the defendant's counterclaim.Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994); see Pape v. Ambrecht, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153228 (November 8, 1996, Mintz, J.) (granting a defendant-owner summary judgment, 3 as to liability only, on a CUTPA counterclaim because the plaintiff-contractor violated the Home Improvement Act). Because this court has determined that the plaintiff violated the Home Improvement Act, the defendant is accordingly entitled to summary judgment on the CUTPA counterclaim, as to liability only.
ii. Count Two of the Counterclaim
General Statutes § 35-1 provides in pertinent part: "No person . . . shall conduct or transact business . . . under any designation, name or style . . . other than the real name . . . of the person . . . conducting or transacting such business, unless there has been filed, in the office of the town clerk . . . a [trade name] certificate . . . . Failure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section42-110b." Accordingly, a failure to comply with General Statutes § 35-1 is a "per se" violation of CUTPA. See Pape v.Ambrecht, supra, Superior Court, Docket No. 153228 (granting a defendant-owner summary judgment where the plaintiff-contractor failed to comply with General Statutes § 35-1). A review of the record reveals that there is no genuine issue as to the plaintiff's failure to comply with General Statutes § 35-1. It therefore follows that the defendant is entitled to summary CT Page 960 judgment as to count two of the counterclaim, as to liability only.
IV.SUMMARY
Based upon all of the forgoing, the court grants the defendant's motion for summary judgment on the plaintiff's complaint, and grants the defendant's motion for Summary Judgment, as to liability only on Counts one an two of the counterclaim.
The Court,
MAIOCCO, JUDGE