JUDITH SIDNEY ET AL. *v.* PHILIP N. DEVRIES ET AL.
(13785)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

 

Argued February 6—decision released June 12, 1990

*Robert L. Fisher, Jr.,* for the appellant (defendant Rex K. Collum).

*John Febbroriello,* for the appellees (plaintiffs).

*Clarine Nardi Riddle,* attorney general, and *Robert M. Langer, Stephen R. Park* and *Neil G. Fishman,* assistant attorneys general, submitted a brief on behalf of the state as amicus curiae.

PER CURIAM. The sole issue in this appeal is whether a contractor who has failed to comply with the requirements of the Home Improvement Act; General Statutes § 20-418 et seq.; can nonetheless recover in quasi contract by demonstrating unjust enrichment[1] on the

---

[1] The defendant has at various times denominated the relevant count in his counterclaim against the plaintiff as sounding in quasi contract, quantum meruit and unjust enrichment. Since these three theories, each based

part of the homeowner for whom the contractor has performed work. The defendant, Rex K. Collum, a general contractor,[2] raised this claim as one count of a counterclaim to an action brought by the plaintiffs, Judith and Selig Sidney, for defective remodeling work at their home. The trial court found for the defendant in the plaintiffs' cause of action, and for the plaintiffs in the action on the defendant's counterclaim. In the defendant's subsequent appeal to the Appellate Court, that court upheld the judgment of the trial court. *Sidney* v. *DeVries,* 18 Conn. App. 581, 559 A.2d 1145 (1989). We granted the defendant's petition for certification; *Sidney* v. *DeVries,* 212 Conn. 810, 564 A.2d 1071 (1989); and now affirm the judgment of the Appellate Court.

The record and the pleadings disclose the following by way of background. In February, 1983, at the request of the plaintiffs, the defendant, a self-employed contractor and carpenter, began to perform renovation work on the plaintiffs' house in Woodbury. In October, 1983, dissatisfied with the defendant's performance, the plaintiffs terminated their relationship with him. At that point, the plaintiffs had paid the defendant $11,800. The defendant alleged in his counterclaim that the materials and labor that he had furnished to the plaintiffs had a reasonable value of $39,650 and claimed a right to recover the balance of $27,850.

---

upon common law principles of restitution, are all noncontractual actions by which a party may recover despite the absence of a valid contract; see *Burns* v. *Koellmer,* 11 Conn. App. 375, 384, 527 A.2d 1210 (1987); G. Palmer, "History of Restitution in Anglo-American Law," c. 3, vol. X, Restitution—Unjust Enrichment and Negotiorum Gestio, International Encyclopedia of Comparative Law (P. Schlechtriem Chief Ed.) pp. 32–33 (1989); we will refer to the theories collectively as quasi contract claims.

[2] The named defendant, Philip N. DeVries, is another contractor. The plaintiffs and DeVries have filed reciprocal withdrawals of their actions against each other.

The trial court found that, although certain documents had been exchanged between the parties, "there is in evidence no written contract containing the entire agreement between the owner and the contractor. It is impossible to harmonize the agreements in evidence to form a contract containing the entire agreement between the parties since they are full of contradictory terms. Additionally, no writing exists which clearly sets out the scope of the work, extras, or many other details necessary to a complete agreement." Absent a complete written agreement, the court held that General Statutes § 20-429[3] barred the defendant's recovery on the counterclaim insofar as it alleged a breach of an oral contract or a claim in quasi contract. On the plaintiffs' cause of action, the court concluded that they also could not recover because they had failed to meet their burden of establishing the terms of their contract and its breach by the defendant.

Only the defendant filed an appeal to the Appellate Court. In rejecting the defendant's oral contract claim, the Appellate Court affirmed the trial court's ruling "that the agreement between the parties fell within the Home Improvement Act and that the defendant's counterclaim, relying on an oral contract, was barred by General Statutes § 20-429 (a)." *Sidney* v. *DeVries,*

---

[3] General Statutes (Rev. to 1987) § 20-429 provides in pertinent part: "CONTRACT TO BE IN WRITING. NEGATIVE OPTION PROVISIONS PROHIBITED. OWNER TO RECEIVE COPY. REQUIRED PROVISIONS. (a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor. . . .

"(c) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the time such contract is executed."

Prior to 1986, the provision now codified as subsection (c) was subsection (b). See Public Acts 1986, No. 86-94. The substance of the provision was not changed in the recodification. Amendments to § 20-429, in 1988, which added several other required provisions for a valid contract; Public Acts 1988, No. 88-269, § 9, No. 88-364, §§ 108, 123; are not relevant to our analysis since the transactions in this case took place prior to the effective date of the amendments.

supra, 18 Conn. App. 588. The Appellate Court also rejected the defendant's claim that he had a right to recover on a theory of quantum meruit.[4] We granted the defendant's petition for certification, limited to the following question: "Does Connecticut General Statutes § 20-429 bar a home improvement contractor from recovering against a homeowner under a claim of quantum meruit arising out of an oral contract?" *Sidney* v. *DeVries,* supra, 212 Conn. 810.

The question that we certified in this case was fully examined and discussed in *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990). We there concluded that, absent proof of bad faith on the part of the homeowner, § 20-429 does not permit recovery in quasi contract by a contractor who has failed to comply with the statutory requirement that "[n]o home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor." That precedent is dispositive of this appeal.

The judgment of the Appellate Court is affirmed.

In this opinion PETERS, C. J., GLASS and HULL, Js., concurred.

[4] In the Appellate Court, the defendant also argued that the Home Improvement Act was not properly before the court because the plaintiffs had not invoked this act in their special defense to the defendant's counterclaim. This contention, which the Appellate Court rejected on the ground of waiver; *Sidney* v. *DeVries,* 18 Conn. App. 581, 587, 559 A.2d 1145 (1989); is not at issue in this appeal.