[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Henry Guarnero seeks to have the court discharge a mechanic's lien filed against his property by the respondent Steven Washburn. The respondent filed the mechanic's lien on the Kent land records to secure the repayment of $14,800.00 which the respondent claims is due for work completed at the petitioner's residence between May 20, 1989 and August 19, 1989. CT Page 828
The underlying facts of this dispute are as follows. In April or May of 1989 the respondent agreed to perform landscaping services at the petitioner's home. These landscaping services included constructing stone walls and terracing, building banks of earth, excavating a pond, planting trees, contouring and reshaping topography, and the erection of two stone pillars at the beginning of the petitioner's driveway. None of the alleged agreements between the petitioner and the respondent were in writing. A building permit was issued for the petitioner's residence in October 1982 and the home was completed in 1984. While no certificate of occupancy had been issued to the petitioner as of August 1989, the petitioner and his family have nevertheless been residing at the dwelling on Kent Hollow Road in Kent, Connecticut since 1984.
The Connecticut Home Improvement Contractors Act provides in pertinent part:
 (a) No home improvement contract shall be valid or enforceable against an owner unless it; (1) Is in writing; (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman of registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor.
Conn. Gen. Stat. Sec. 20-429 (emphasis added).
The Connecticut Supreme Court has recently held that the provisions of Connecticut General Statutes Sec. 20-429
are mandatory rather than permissive and do not provide an exception to the requirement that home improvement contracts be in writing. Barrett Builders v. Miller, 215 Conn. 316, 321
(1990); Caulkins v. Petrillo, 200 Conn. 714, 717-18 (1986). Moreover, the Supreme Court has disallowed a claim of quantum meruit on a home improvement contract by declaring that "absent proof of bad faith on the part of the homeowner, Sec. 20-429 permits no recovery in quasi-contract by a contractor who has failed to comply with the statute's written requirement." A. Secondino Son, Inc. v. LoRicco,215 Conn. 336, 340 (1990); Sidney v. DeVries, 215 Conn. 350,354 (1990). CT Page 829
In view of the foregoing it is clear that the respondent may not recover for home improvement work since the contract was not in writing. The respondent, however, claims that the instant case is not controlled by the restrictive language of Conn. Gen. Stat. Sec. 20-492. The respondent argues that no certificate of occupancy had been issued for the petitioner's residence at the time of the respondent's work and that his services therefore constituted the construction of a new home. Under the provisions of Conn. Gen. Stat. Sec. 20-419 (4) "home improvement" does not include "the construction of a new home." Conn. Gen. Stat. Sec. 20-419 (4)(A) .
The respondent thus asserts that he was involved in the construction of a new home and that he is therefore exempt from the stringent provisions of Sec. 20-429. In the construction of the General Statutes, words and phrases shall be construed according to the commonly approved usage of the language. Conn. Gen. Stat. Sec. 1-1. Where a statute does not define a term, it is appropriate to look to the common understanding as expressed in the law and in dictionaries, Johnson v. Manson,196 Conn. 309, 316 (1985). Black's Law Dictionary, 5th Edition defines "new" as "the condition of being previously unknown or of recent or fresh origin." As noted earlier, the petitioner and his family had resided in the Kent Hollow Road residence for approximately five years before the respondent began work on the premises. Under such circumstances, the mere absence of a certificate of occupancy will not lead to the conclusion that the respondent contributed to the construction of a new home. Consequently, the respondent is subject to the dictates of Sec. 20-429. Since the respondent did not have a written contract to perform home improvements on the petitioner's premises, he cannot recover for the work performed . See Barrett Builders, 215 Conn. at 321; A. Secondino Son, Inc.,215 Conn. at 340; Sidney, 215 Conn. at 354.
Accordingly, the mechanic's lien on the petitioner's property is discharged.
DRANGINIS, J.