[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE BREACH OF ORAL CONTRACT AND UNJUST ENRICHMENT COUNTS FOR RECOVERY FOR HOME IMPROVEMENT WORK
The defendant has moved to strike the first and second counts of plaintiff's complaint in which plaintiff asserts claims for money damages for materials and services allegedly provided to the defendants for construction and repair of their residence. The first count seeks recovery upon the theory of breach of an oral contract. The recovery theory of the second count is restitutionary.
The parties have filed memoranda which comprehensively set forth their respective positions relative to the motion to strike. Inasmuch as the plaintiff states in his memorandum that he does not object to the striking of the first count, the Court limits its direct attention to the application of the motion to strike the second count of the complaint.
As stated earlier, the plaintiff complains that he has not been paid for materials and services provided for the construction and repair of the defendants' residence. In the second count of his complaint the plaintiff claims that the fair market value of these materials and services is $21,000. The plaintiff further claims in the second count that "[t]he defendants have been unjustly enriched by virtue of their failure to pay for the goods and services provided by the CT Page 3448 plaintiff." Thus, the second count bases its claim for recovery upon the theory of unjust enrichment — a restitutionary construct.
The defendants' position is that since the materials and services provided were an inextricable part of a home improvement contract, Connecticut General Statutes Section 20-429, does not allow the plaintiffs' unjust enrichment claim. Connecticut General Statutes Section 20-429 (a) states in pertinent part that:
 No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor . . . (6) contains a notice of the owner's cancellation rights in accordance with the provisions of Chapter 740, (7) contains a starting date, and (8) is entered into by a registered salesman or registered contractor.
The question as to whether Connecticut General Statutes Section 20-429 prohibits restitutionary recovery in the context of home improvement contracts has generated considerable recent judicial energy. Caulkins v. Petrillo,200 Conn. 713 (1986); Barrett Builders v. Miller, 215 Conn. 316
(1990); Sidney v. DeVries, 215 Conn. 350. The Connecticut Supreme Court's following declaration in Sidney v. DeVries controls the court's ruling on the motion to strike:
 . . . absent proof of bad faith on the part of the home owner, section 20-429 does not permit recovery in quasi contract by a contractor who has failed to comply with the statutory requirement that `[n]o home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor.' . . . .
Id. at 354.
The Connecticut Supreme Court in Sidney v. DeVries, supra, cites as its authority its own reasoning which denied an unjust enrichment claim in Barrett Builders v. Miller, supra.
Given the plaintiff's allegations posited in the four corners of Count 2 of his complaint, as well as the foregoing CT Page 3449 authorities, this court grants the motion to strike said count. Inasmuch as the plaintiff has voiced no objection to the striking of Count 1, that count as well is stricken.
CLARANCE J. JONES, JUDGE