[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Ragsdale brings this action against Joseph Rodriquez d/b/a Centerline Construction on several breach of contract counts and also against Mr. Rodriquez' wife Cindi on grounds of fraudulent conveyance. The defendant then filed a counterclaim alleging that on September 25, 1986 he and the plaintiff entered into a contract in which defendant, a builder, agreed to perform certain alterations on plaintiff's house in Norwalk. Defendant claims that there is still money owed on that contract as well as for some extra work he performed.
The plaintiff then filed a motion for summary judgment claiming that the defendant had failed to comply with General Statutes 20-429(a) in three respects: (i) subsection (3) in that the contract did not adequately define the entire scope of the work to be performed; (ii) subsection (6) in that there was no notice that the plaintiff has a right to cancel the contract and (iii) subsection (8) in that the defendant had not been registered as a home improvement contractor with the Department of Consumer Protection on the date of the contract.
The defendant counters by arguing that all three subsections were added to the statute in 1988 by virtue of Public Act 88-269, Sec. 9 and were not in existence in September of 1986 when the contract was entered into.
A court may render summary judgment only if the pleadings, affidavits and other proof indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a CT Page 4901 matter of law. Practice Book 384. The movant has the burden of showing that there are no such genuine issues of material fact. Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990).
In 1986 at the time the contract in this case was signed, the provision in the statute requiring that a contract contain the entire agreement of the parties was in existence. General Statutes 20-429(a) ("No home improvement contract shall be valid unless it is in writing and contains the entire agreement between the owner and the contractor.")
Public Act 88-269, Sec, 9, effective October 1, 1988, added subsections 6 and 8 regarding cancellation and registration respectively, and renumbered but did not change the "entire agreement" provision to a new subsection 3. Thus, the motion for summary judgment as to subsections 6 and 8 is denied because these provisions were clearly not in existence at the time the contract was signed.
The remaining question is whether or not there is a genuine issue of material fact as to the contract containing the entire agreement of the parties. The contract provides:
 The Contractor shall complete all the work required by the contract and detailed construction drawings, and all miscellaneous work as called for in the drawings and specification, except: masonary work, electrical, including heat on second floor, sheetrock and taping, installation of tile, installation of greenhouse, jacuzzi and fixtures, floor refinishing, exterior and interior painting and no allowance for wet bar.
The defendant points to the presence of the words drawings and specifications as indicating that the contract adequately defined the scope of the work to be performed.
This past June the Supreme Court issued four decisions concerning home improvement contracts, which are cited by the plaintiff as authority for the granting of his motion, but two are clearly inapposite. In both A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 338,576 A.2d 464 (1990), and Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,347, 576 A.2d 149 (1990), there were no written contracts at all. In Sidney v. DeVries, 215 Conn. 350, 353, 575 A.2d 228 (1990), the only contract consisted of "certain documents. . . full of contradictory terms," and there was, nothing- regarding the scope of the work, extras, or many other details.
The closest case is Barrett Brothers v. Miller, 215 Conn. 316,326, 576 A.2d 455 (1990), where the written agreement was described as "skeletonic," and the plaintiff itself conceded that its contract CT Page 4902 was unenforceable under General Statutes 20-429. There was nothing, for example, regarding the kind of kitchen cabinets that were ordered and no date for completion of the work, whereas the contract in this case does contain at least a "tentative" completion date.
I believe that this contract is less "skeletonic" than the one rejected in Barrett Builders and thus presents a genuine issue of material fact regarding whether or not it adequately defines the scope of the work to be performed, and thus summary judgment is precluded.
SO ORDERED.
Dated at Stamford, Connecticut this eighteenth day of December, 1990.
LEWIS, J.