[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Kevin Douglas ("homeowner") has applied to discharge a mechanic's lien filed by Barry White, doing business as Pine View Custom Building and Remodeling ("contractor") as to properties owned by the homeowner at 29 and 37 Henry Street in East Haven.
The homeowner asserts the following grounds for discharging the lien:
1. The contractor performed work only at 37 Henry Street and has no basis for a lien as to 29 Henry Street;
2. The contractor is not registered as a home improvement contractor and may not therefore maintain a claim against the homeowner;
3. The contract between the parties is unenforceable because it lacks starting and completion dates as required by20-429(a) C.G.S.
4. The contractor did not complete the foundation to the specifications stated in the contract and is not entitled to payment because of this alleged breach of the contract.
Section 49-35 C.G.S. entitles a contractor who has performed services relating to construction or repair of property to file a lien as to the property that he has improved. It is undisputed that the contractor provided remodeling services only at 27 Henry Street and not at 29 Henry Street, and the lien is therefore invalid as to 29 Henry Street and is ordered discharged as to 29 Henry Street.
A lienor who files a lien pursuant to 49-33 C.G.S. must, upon the filing of an application to discharge the lien, establish that there is probable cause to sustain the validity of his lien, pursuant to 49-35b, which also provides that a party seeking to discharge the lien is entitled to, such an order if he proves by clear and convincing evidence that the validity CT Page 7302 of the lien should not be sustained.
The homeowner argues that the home improvement contract failed to contain a mandatory provision and that the contractor cannot be held to have established probable cause that he will recover the unpaid balance of the contract.
It appears that the construction project at issue was a "home improvement" as defined at 20-419(4) C.G.S. Section20-429(a) C.G.S. provides in pertinent part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . (7) contains a starting date and completion date."
In Barrett Builders v. Miller, 215 Conn. 308 (1990); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336 (1990); and Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345 (1990), the Connecticut Supreme Court ruled that a home improvement contract that is not in writing (a further requirement of 20-429(a)) is not enforceable under theories of quantum meruit or unjust enrichment. However, as Judge Mottolese noted in granting the homeowner's Motion for Summary Judgment in Wadia Enterprises, Inc. v. Hirschfeld, 6 CSCR 776 (July 12, 1991) the Supreme Court appeared to recognize in Barrett, supra, an exception to the unenforceability of contracts not conforming to 20-429(a) where the homeowner can be shown to have acted in bad faith. The Appellate Court affirmed the trial court's granting of summary judgment in Wadia at 27 Conn. App. 162 (1992) on the ground that20-429 provides that no home improvement contract shall be valid unless it contains a notice of an owner's cancellation rights, one of the mandatory provisions contained in the same section of the statute that requires identification of the starting and completion date. The Supreme Court has recently, granted a petition for certiorari in Wadia, at 222 Conn. 904 (1992), to decide the issue whether the defendants' invocation of 20-429(a) comes within an exception for bad faith. In Wadia, the homeowner's own architect and attorneys had prepared the written contract. After nine of the ten payments required by the contract had been paid, the homeowner refused to pay the final payment and raised the issue of the lack of a cancellation clause in the contract. The required cancellation clause, if included in conformity with Chapter 740, 42-135a C.G.S., would have stated that the homeowner had a right to cancel the transaction within three business days from the date the contract was signed. The rulings in the various phases of Wadia do not suggest that the homeowner ever desired to cancel the contract. The claim of bad faith to be reviewed by the Supreme Court in Wadia appears to be that the cited provision was missing as a result of drafting by the homeowner's own agents and that its substance was not relevant to a dispute that arose at the point near the completion CT Page 7303 of the contract work.
Similarly, in the case before the court, starting and completion dates are not the issue in dispute, and their inclusion would not have avoided the present conflict. The homeowner and the contractor testified that they had the identical understanding that work was to begin immediately upon the signing of the contract and was to be completed in six weeks. The alleged reason for nonpayment does not, in fact, concern the time expended on the job but a dispute over the quality of performance.
Vigorous dissents were filed in Barrett Builders, supra; A. Secondino Sons. Inc., supra, and Sidney v. DeVries, 215 Conn. 350,354 (1990) by, variously, Justices Shea, Callahan and Covello, directed to the issue of bad faith invocations of the provisions of the Home Improvement Act to defeat claims for services actually rendered.
Until the issue of the existence and scope of a bad faith exception is decided by the Supreme Court, this court does not find that it is sufficiently clear that the present contractor's claim must be held to be unenforceable because of the omission of the starting and conclusion dates, or that a showing of probable cause is defeated on the grounds stated.
The homeowner also claims that the contract is unenforceable because the contractor is not a "registered home improvement contractor," as required by 20-420 C.G.S. The contractor credibly testified that he is registered, and the record search presented by the homeowner did not identify the contractor precisely, so that the negative computer report produced by the homeowner is not reliable.
The contract between the parties required the contractor to raise the homeowner's house, which had been damaged, by fire, to provide a foundation, and to repair certain damage from the fire. The contract provided for payments to be made as specified stages of the work were completed. The contract price was $28,750. The homeowner made an initial payment of $14,000, and then paid $6,000, after the exterior was completed. The contractor established to the level of probable cause that he substantially completed the rough wiring, sheetrock and insulation and was entitled to a scheduled payment in the amount of $5,000.00 but that the homeowner failed to make payment.
Though the homeowner complains that the foundation was poured as a "monolithic" pour rather than with separate footings, the contractor presented evidence to the effect that the foundation had been approved by the town building inspector, that CT Page 7304 a certificate of occupancy had been granted, and that his offer to correct defects had been rebuffed by the homeowner, who proceeded to finish the job on his own.
The contractor has established probable cause to the extend of $5,000.00. Pursuant to 49-35b C.G.S., a homeowner seeking discharge of a mechanic's lien must prove by clear and convincing evidence that the lien is invalid or excessive. The homeowner has not met this standard. Though he established that the foundation was constructed in a manner different from the description in the contract, the homeowner presented absolutely no evidence as to diminished value or any cost to correct, and the court has not therefore been provided with the requisite clear and convincing evidence that the contractor is entitled to recover less than the next progress payment due, which was to be $5,000.
The application to discharge the mechanic's lien as to 37 Henry Street, East Haven, is hereby denied. The application to vacate the mechanic's lien as to 29 Henry Street, East Haven, is granted.
Beverly J. Hodgson Judge of the Superior Court