[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3451
Presently before the court is defendants' Motion for Summary Judgment (#159); said motion should be granted.
On March 7, 1990, the plaintiffs, James and Denise Dinnis, general contractors, filed a $15,000 claim sounding in quantum meruit and unjust enrichment against the defendants, John and Sharon Roberts, homeowners, for the construction of approximately 85% of an addition to the Roberts' residence home. In their third amended complaint, filed on June 28, 1991, the plaintiffs allege that the defendants terminated the plaintiffs without notice or justification. The plaintiffs also claim that the defendants acted deceptively and in bad faith, both in the execution and repudiation of the construction contract.
The defendants, who claim the construction was faulty and that the addition will need to be demolished, filed a $150,000. counterclaim[1] against the plaintiffs for negligence, breach of contract, and a violation of the Connecticut Unfair Trade Practice Act, General Statutes 42-110a to 42-110q (CUTPA). The defendants claim that the plaintiffs failed to complete the work specified in the contract, causing them great expense; that the contract was a home improvement contract within the meaning of the Home Improvement Act [HIA], General Statutes 20-418 to20-432, yet did not contain certain provisions required by20-429(a); that the plaintiffs had not filed a trade name certificate as required by General Statutes 35-1; and that despite the fact that the plaintiffs knew or should have known that the contract was unenforceable under the HIA, they filed a mechanic's lien against the defendants claiming $4,007.00, resulting in injury to the defendants' credit rating.
Prior to the current action, the defendants applied for a prejudgment remedy against the plaintiffs on both September 1, 1989 and April 25, 1990. The first application was withdrawn and the second one, dismissed. The defendants applied for a third time on October 8, 1991, but the court declined to give them a second opportunity to demonstrate probable cause.
The defendants filed the present motion for summary judgment[2] on January 18, 1993, claiming that the construction contract is a home improvement contract within the HIA, and therefore, the plaintiffs' action is barred, because the CT Page 3452 plaintiffs did not comply with two of the requirements in20-429(a). They also claim in their motion for summary judgment that they acted in good faith and with intent to pay the plaintiffs for services rendered at all times during the transaction, and that the plaintiffs have not raised any facts which could form the basis of an issue of fact or law regarding the defendants' bad faith.
In support of their motion for summary judgment, the defendants filed a copy of the contract at issue and a copy of the mechanic's lien filed by the plaintiffs on June 28, 1989 in the amount of $4,007.00. They also filed affidavits of John and Sharon Roberts, which state that the construction was performed negligently, that the plaintiffs quit before the job specified in the contract was complete, that the contract was invalid under the HIA yet the plaintiffs filed a mechanic's lien against the defendants, that the defendants acted in good faith at all times during the transaction, and that they had no knowledge of the deficiency of the home improvement contract prior to consulting an attorney.
The plaintiffs filed a memorandum in opposition to the motion for summary judgment on February 20, 1993. To support their opposition, they filed copies of the following: their motion to dismiss the separate action brought by the defendants, which was granted on May 6, 1991; the January 3, 1991 memorandum of decision that denied the defendant's first motion for summary judgment in the present action; and the January 15, 1992 memorandum of decision denying the defendants a second opportunity to argue for a prejudgment attachment of the plaintiff's property. The plaintiffs also filed the affidavit of Denise Dinnis, which asserts that the plaintiffs performed work in accordance with the terms of the contract, yet were terminated without prior notice or explanation, that the defendants hired an engineer to inspect the plaintiffs' work without consulting them, that the defendants never expressed dissatisfaction with the plaintiff's work, that the defendants used various harassing litigation tactics, and that she adopts those allegations in the third amendment complaint which allege bad faith on the part of the defendants.
Pursuant to Practice Book 384, a summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 3453 as a matter of law. Wadia Enterprises, Inc. v. Hirschfield,224 Conn. 240, 247. The burden of proof is on the moving party; so the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91,111. "[It is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242, 251.
In their motion for summary judgment, the defendants argue that the contract is a Home Improvement contract within the meaning of the HIA but does not contain a notice of cancellation, or a starting and completion date, both of which are required under General Statutes 20-429(a). They further argue that a contractor's cause of action is barred in the absence of compliance with the statute absent bad faith on the part of the homeowner. Finally, the defendants argue that the plaintiffs have not raised a genuine issue of material fact with regard to bad faith on the part of the defendants.
The plaintiffs do not dispute the fact that the contract is a Home Improvement contract within the meaning of 20-420 or that it does not comply with 20-429(a), rendering it an invalid contract, but they argue that the defendants acted in bad faith, in both the execution and the repudiation of the contract. They further argue that when a homeowner acts in bad faith, a contractor has a valid cause of action for unjust enrichment and quantum meruit against the homeowner.
The Home Improvement Act provides in relevant part that no home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the two parties, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting and completion date, and (8) is entered into by a registered salesman or registered contractor. Habetz v. Condon, 224 Conn. 231, 232; General Statutes 20-429.
Absent bad faith on the part of the homeowner, 20-429
permits no recovery on theories of quasi-contract, quantum meruit, unjust enrichment, or contract implied in law if the contractor fails to comply with the Act's requirements. Sidney CT Page 3454 v. DeVries, 215 Conn. 350, 354; Barrett Builders v. Miller,215 Conn. 316, 331 (Shea, J., dissenting). Bad faith was found when a homeowner, who was familiar with the Act, invoked the contractor's violation as a basis for his own repudiation of the contract, attempting to hide behind the Act in order to bar the contractor's remedy. Habetz v. Condon, supra, 238.
In Wadia Enterprises, Inc. v. Hirschfield, supra, 249, the court ruled that an allegation that a homeowner acted in bad faith by initially enforcing the contract and subsequently asserting the contract's invalidity as a defense to a suit by the contractor does not, by itself, present a claim of bad faith. "There is nothing dishonest or sinister about homeowners proceeding on the assumption that there is a valid contract, enforcing its provisions, and later, in defense to a suit brought by the contractor, upon learning that the contract is invalid, then exercising their right to repudiate it." Id.
"Bad faith in general implies both actual and constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Habetz v. Condon, supra. Bad faith means "more than mere negligence; it involves a dishonest purpose." Habetz v. Condon, supra, 237.
There is no dispute that the contract between the plaintiffs and the defendants is a home improvement contract within the meaning of the HIA. Nor is there dispute that the contract did not contain a starting and completion date, or a notice of a homeowner's cancellation rights, as required by the statute. General Statutes 20-429(a)(6)-(7).
The plaintiffs' first argument in their opposition to the defendants' motion is that the granting of the summary judgment would be inappropriate in light of the substantive facts remaining in dispute between the parties, particularly regarding bad faith. Since the third amended complaint made "detailed and far reaching allegations as to the defendant's bad faith," the plaintiff maintains that a material issue of fact is raised. However, "the presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Wadia Enterprises, Inc. v. Hirschfield, supra at p. 247 quoting Farrell v. Farrell, 182 Conn. 34, 39. CT Page 3455
The defendants state in their affidavits that they had been unaware of the Act prior to consulting an attorney. The plaintiffs did not challenge these statements in their opposition to the defendants' motion for summary judgment, except by referring to their allegations of the defendants' bad faith in their complaint. In counts one and two, paragraph 8(a) of their third amended complaint, the plaintiffs alleged that "defendants had previously had a dispute with another home improvement contract or regarding the home at issue and were aware of their home improvement contract and home solicitation sales contract rights at the time they entered into the agreement at issue in this complaint with plaintiffs." The plaintiffs maintain that referring to such allegations distinguishes this case from Wadia Enterprises, Inc. v. Hirschfield, supra. This court disagrees. These allegations are precisely the type that the court failed to deem sufficient to support a claim of bad faith in Wadia. There are no supporting documents to prove the allegations in plaintiffs' opposition to the defendants' motion for summary judgment; it is only alluded to in Denise Dinnis' affidavit where she says that she is "familiar with and hereby adopts and ratifies the allegations of paragraph 8(a) through (j) of counts one and two of the operable complaint." The plaintiffs' only proof of the defendants' bad faith is such unsupported allegations.
Plaintiffs fail to bring forward "evidentiary facts or substantial evidence outside of the pleadings" from which the alleged "bad faith" may reasonably be inferred, Wadia Enterprises, Inc. v. Hirschfield, 27 Conn. App. 162, 168, 169; in this case, plaintiffs fail to provide evidence that defendants knew of the deficiency in the contract and "affirmatively" concealed it or induced plaintiffs into signing it in order to, thereafter, "utilize the [a]cts protection." Wadia, 224 Conn. 240,246.
By simply referring to unsupported allegations in the complaint and by not submitting any supporting documents which tend to show bad faith on the part of the defendants, plaintiffs have failed to establish a factual basis to raise a genuine issue of fact as to the defendants' bad faith.
The plaintiffs further argue in their opposition to the defendants' motion for summary judgment that the issue of whether or not the defendants have acted in bad faith is itself a material fact or genuine issue in dispute justifying denial of CT Page 3456 defendant's motion. However, even with respect to questions of motive, intent, and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. Wadia Enterprises, Inc. v. Hirschfield, supra, 250.
Plaintiffs do not present a factual predicate as to the defendants' bad faith in the opposition to the motion for summary judgment, but rather, simply rely on unsupported allegations made in the pleadings. Since the plaintiffs' opposition to the defendants' motion for summary judgment does not present facts which raise a genuine issue as to the defendants' bad faith, defendants' motion is granted.
Ronald J. Fracasse, Judge