[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
I
Introduction and Factual Background
On March 20, 1990, the plaintiff, Jay Zaleski, d/b/a/ Ales Roofing Caulking Contractors, filed a three count complaint against the defendants Bronislaw Dudek and Kazimiera Dudek to recover monies owed for roofing work provided to the defendants. The plaintiff's complaint contains three counts: (1) breach of contract, (2) quantum meriut and (3) unjust enrichment. On July 20, 1992, the defendants filed their answer and two special defenses — the first of which stated that the plaintiff failed to comply with the provisions of the Home Improvement Act (hereinafter, the Act), General Statutes §§ 20-418, et seq., and therefore was not entitled to recover.
On March 13, 1995, after the defendants withdrew the second special defense, the parties stipulated to the material facts and asked this court to render judgment. This court is treating this request as a motion for summary judgment and the sole issue is whether the Act preludes recovery by the plaintiff.
The parties have agreed that on or about November 30, 1988, they entered into an agreement in which Ales Roofing was to perform roofing work at the defendants' six unit apartment building at 156 Roosevelt Street, Hartford, Connecticut. The contract price was $6,200.00 and the plaintiff provided CT Page 8836 $803.89 in additional labor and materials placing the total value of work performed at $7,003.89. The defendants paid only the initial deposit in the amount of $2,500.00 and the balance is $4,503.89, exclusive of interest and attorney's fees. The defendants do not now reside, nor have they ever resided, at the property.
The parties have further agreed that the contract does not contain a recession or cancellation provision; does not contain a completion date; and was not signed by Bronislaw Dudek. Additionally, the parties agreed that as of November 30, 1988, the plaintiff, Jay Zaleski, d/b/a Ales Roofing 
Caulking Contractors, was not registered as a Home Improvement Contractor with the Connecticut Department of Consumer Protection.
 II DISCUSSION
 A.
The Home Improvement Act, General Statutes §§ 20-418
through 20-432, was passed to require registration for contractors and salespersons involved in home improvement and to require a written contract containing certain requirements for the protection of the owner. See O'Donnell v.Rindfleisch, 13 Conn. App. 194, 200, 535 A.2d 824 (1988). The legislative history of the Act reveals it was intended to protect home owners from irresponsible or fly-by-night contractors. Id., 202-03.
"As we have previously noted, the HIA "was passed for the protection of the public . . . ." Rizzo Pool Co. v. DelGrosso, 232 Conn. 666, 678, (1995). "The objective . . . is to promote understanding by the consumer, to ensure his ability to make an informed decision and to protect him from substantial work by an unscrupulous contractor." Id., citing 22 S. Proc., Pt. 17, 1979 Sess., p. 5797, remarks of Senator Audrey P. Beck." Additionally, "[a]s remedial legislation, the HIA must be afforded a liberal construction in favor of those whom the legislature intended to benefit." Id., citing Barrett Builders v. Miller, 215 Conn. 316, 323,576 A.2d 445 (1990). CT Page 8837
1.
"In construing the HIA [Home Improvement Act], our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, [and] to the legislative history. . . ." Rizzo PoolCo. v. Del Grosso, supra, 232 Conn. 676. At the time this action arose, General Statutes § 20-419(4) defined "home improvement" as follows: "Home Improvement" includes, but is not limited to, the repair . . . to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place. . . . Home improvement does not include . . . (C) the sale of goods or services furnished for commercial or business use or for resale. . . ." "Private residence" was defined at subsection (8) as "a single family dwelling or a multifamily dwelling consisting of not more than six units."
2.
General Statutes § 20-419 was amended by Public Act 93-215 and the definitions of "home improvement" and "private residence" were expanded. The home improvement definition now expressly includes work done on residential rental property. This amendment, of course, does not control this matter since it was not in effect at the time the parties entered into the agreement. Nevertheless, during the house debate for the amendment, Representative Stratton stated that:
 This amendment is designed to clarify the language that exists in the Home Improvement Contractor law . . . It defines very clearly that a residential property of up to six units, even if that property is rented and one could not conceivably really live in all six units, in most cases, that work done on a residential property that is rented as long as it fits within that six units, is not excluded from the home improvement definition.
 Also, . . . by hiring someone to come in an [sic] work on such a residential or rental property does not exclude you and that the fact that receiving income for a rental property does notCT Page 8838 thereby make it a commercial venture and excluded if it falls within the six unit definition.
 It really, in my opinion, is an amendment that really absolutely makes clear what was already clear in the existing law and I urge adoption.
(Emphasis added.). 36 H.R. Proc., Pt. 16, 1993 Sess., p. 5613-14.
3.
The above remarks are, of course, logical. The legislature could not have both allowed a private residence to include up to six rental units and also expressly exclude it from the Act because the owner rented some units. "If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." Turner v Turner, 219 Conn. 703, 713,595 A.2d 297 (1991). Moreover, "[a]ccording to well established principles of statutory construction, an amendment that construes and clarifies a prior statute operates as the legislature's declaration of the meaning of the original act." Id., 717; see Baker v Norwalk, 152 Conn. 312, 317,206 A.2d 428 (1965).
Property, as defined in the Act, is not deemed commercial or business simply because some units are rented. Multi-family dwellings with six units are defined as private residences and the defendants' property thus falls within the General Statutes § 20-419(8) definition. Plaintiffs' reliance on A.W. Campbell Co. v. Gryckiewz, Superior Court, JD of Hartford/New Britain at New Britain, DN. 441254 3 CONN. L. RPTR. 143 (January 15, 1991) (Aronson J.) is misplaced as the court therein found that the dwelling in question did not fall within the definition of a "private residence" because it was one of two buildings containing a total of ten rental units on a single parcel of land.
It is also of no significance that the defendants do not reside at 156 Roosevelt Street, but rather rent all six units. See 20-419 (6) defines owner, in part, as "a person who owns or resides in a private residence. . . ." Thus, while the defendants may not reside at the property, they clearly own the property. The agreement between the parties therefore does fall within the purview of the Home Improvement Act. CT Page 8839
 B.
General Statutes § 20-429(a) sets forth the requirements for a home improvement contract:
 No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights . . ., (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of the contract shall be in writing, and shall be signed by the owner and contractor. . . .
The Supreme Court has repeatedly stated that because the requirements of § 20-429 are mandatory and must be strictly construed, a home improvement contractor is not permitted any recovery under such doctrines as quantum meruit or unjust enrichment if he fails to comply with the Act. BarrettBuilders v. Miller, supra, 215 Conn. 325-26; Sidney v.DeVries, 215 Conn. 350, 354, 575 A.2d 228 (1990); Habetz v.Condon, 224 Conn. 231, 239, 618 A.2d 501 (1992). Although recognizing that this rule often leads to harsh results, the court has concluded that such an outcome is justified as it fulfills the legislative purpose of the Act. Barrett Buildersv. Miller, supra, 215 Conn. 326.[1]
As the parties have stipulated that the agreement lacked a recession or cancellation provision, did not contain a completion date, was not signed by one of the defendants, and that the plaintiff was not registered as a Home Improvement Contractor with the state, this contract violates the mandatory requirements of General Statutes § 20-429. RizzoPool Co. v. Del Grosso, supra, 232 Conn. 680. Judgment shall therefore enter for the defendants.