[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a claim by the plaintiff, Clarke Builders, Inc. (Clarke), against the defendant, Laurence G. Allen, for an unpaid balance for renovations and alterations performed by Clarke for Allen on a building having four apartments and located on Maple Avenue in Greenwich. In its amended complaint dated June 15, 1999, the plaintiff alleges in the first of two counts that it had a written contract with the defendant which was dated July 27, 1997; that a balance of approximately $188,000 remains unpaid; and that it filed a mechanic's lien in the Greenwich land records, which was later released pursuant to an agreement by counsel that $210,000 would be held in escrow pending resolution of the case. In the second count of the complaint, the plaintiff alleges that the reasonable value of its services was $781,000, of which approximately $188,000 has not been paid by the defendant.
The defendant filed an answer denying the material allegations of the complaint, and asserting two special defenses alleging that the plaintiff had breached the contract and was estopped from any recovery by reason of unworkmanlike and untimely construction, and failure to properly supervise and bill the work. CT Page 7633
The case was referred for trial to Attorney Alfred H. Huddinott, Jr., an attorney trial referee, in accordance with General Statutes § 52-434
(a) and Practice Book § 19-2A. The attorney trial referee conducted a trial in late October and early November of 1999 and submitted a report dated May 2, 2000, finding the following facts: (1) the plaintiff sent a proposed contract to the defendant dated April 18, 1997, which complied with General Statutes § 20-418 et seq., the Home Improvement Act (HIA), but which the defendant did not sign; (2) the defendant prepared a second contract dated July 27, 1997, which both parties signed, but it did not comply with the HIA, as the contract did not contain a right of rescission, a starting date, or a completion date; (3) although noting that the defendant drafted "all of the relevant documents," the attorney trial referee agreed with the defendant's contention that the contract was "clearly vague" as to the scope of the contract and the price; (4) the operative contract was not for a fixed price, but was based on cost of labor and material, and percentages for overhead and profit, and the total unpaid balance was $193,067.53; (5) the contract was described by the referee as "fraught with ambiguities," and a "hodge podge," and the defendant had made "constant changes and upgrades to the project;" and (6) the only faulty work performed by the plaintiff involved the installation of certain windows which cost the defendant $5,318 to replace.
In part III of his report, the attorney trial referee drew certain "conclusions of law" as follows: (1) the HIA was applicable to this construction contract, the contract between the parties did not comply with the Act, and therefore the plaintiff could not recover either on the contract or for the reasonable value of services rendered; (2) although agreeing that an alleged violation of the HIA should be pleaded specially, which it was not in this case, nevertheless, the defendant's failure to file a special defense could be and was "waived" by the plaintiff; (3) this waiver arose for two reasons, the first because the plaintiff introduced into evidence the very contract between the parties which was in violation of the HIA, and second because the plaintiff knew that the HIA was an issue in the case because the property owner, Allen, alleged a violation of the HIA in another case between the same parties;[1] (4) there was no showing of "bad faith," which represents an exception to the HIA, despite the fact that the attorney trial referee said he was "at least a little suspicious of [the defendant] Allen's motives" and that the defendant Allen was "perhaps . . . negligent;" and (5) although recognizing that his recommendation would result in a "windfall" for the defendant and represented a "harsh result," the attorney trial referee nevertheless recommended that judgment enter for the defendant because the contract did not comply with the HIA. CT Page 7634
On January 17, 2000, about two months after the trial was concluded, the defendant moved to amend his special defenses to include a claim that the contract did not comply with the HIA. The attorney trial referee declined to rule on said request, saying that it was outside his authority. The motion was then presented to Judge Hickey who, on August 22, 2000, authorized the filing of the proposed amendment. The plaintiff moved to reargue, which was granted by Judge Hickey, who thereupon reversed his earlier ruling and, on November 22, 2000, denied the filing of the amended special defense regarding the HIA. The defendant then moved for rearguement before another judge, and Judge Tobin denied the motion to reargue on January 9, 2001. Thus, the HIA is not a special defense in this case.
As authorized by Practice Book § 19-14, on May 19, 2000, the plaintiff filed an objection to the attorney trial referee's report.[2]
The objection contends that the attorney trial referee erred in his finding that the plaintiff had not installed certain windows in a proper and workmanlike manner. The plaintiff also objected to the conclusion of law by the attorney trial referee that the contract between the parties was void for its failure to comply with the HIA on the following grounds: (1) the failure to comply with the Act was not the subject of a special defense in this action; (2) during the seven day trial, there was no mention of the HIA; (3) the trial had been over for more than two months before the defendant attempted to add the HIA as an issue in the case; (4) the fact that the HIA was pleaded by the defendant Allen in his capacity as a plaintiff in another case, which was subsequently nonsuited before the trial in the present action even began, is immaterial in this case where it did not become an issue until it appeared in the defendant's post-trial brief of January 17, 2000, the same time that the defendant filed his motion attempting to amend his special defenses to refer to the HIA; (4) the plaintiffs not knowing that the HIA issue was to be subsequently interjected in this present action, did not make any effort to show that the defendant was not acting in "good faith;" and (5) the plaintiff did not waive the right to object to the inclusion of the HIA in this case by introducing the contract into evidence as it had brought this action based on contract and would obviously have to introduce the contract in order to demonstrate that it had been broken.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar, 238 Conn. 839,848-49, 679 A.2d 937 (1996). The court held that: "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [currently § 19-17]. . . . The factual findings of a CT Page 7635 [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.).
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845-46, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task for the court is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Elgar v. Elgar, supra, 238 Conn. 846. The court is obliged to "render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Anastasiav. Beautiful Your Hair Designs, Inc., 61 Conn. App. 471, 475, 767 A.2d 118
(2001). To the same effect is Practice Book § 19-17 ("The court shall render such judgment as the law requires upon the facts in the record").
The first issue concerns the factual finding that the installation by the plaintiff of certain windows was not performed in a workmanlike manner. The referee heard conflicting evidence on this subject, judged the credibility of the witnesses and made a factual finding that the defendant was obliged to expend $5,318 to correct this faulty installation. It is axiomatic that this finding must be accepted by the court. See Tarka v. Filipovic, 45 Conn. App. 46, 54, 694 A.2d 824, cert. denied, 242 Conn. 903, 697 A.2d 363 (1997).
The second and main issue in this case involves the HIA. It is helpful to summarize the relevant circumstances regarding this issue in a chronological manner: (1) the defendant did not plead the HIA as a special defense; (2) during the course of the trial before the attorney trial referee, which ended on November 9, 1999, there was no reference to the Act; (3) on January 17, 2000, the defendant moved to add the HIA as a special defense, which motion was ultimately denied by the court, after the attorney trial referee ruled that he did not have the authority to add a special defense; and (4) the attorney trial referee issues a report dated May 2, 2000, in which he recommends judgment for the defendant because the contract introduced into evidence by the plaintiff failed to comply with the HIA.
The essence of the referee's report on this issue is captured in this one sentence: "A defense based upon the HIA must be specially pleaded . . . but if evidence relating to the defense is admitted without CT Page 7636 objection, the failure to allege a special defense is waived." The attorney trial referee cited for this proposition Sidney v. DeVries,18 Conn. App. 581, 559 A.2d 1145, aff'd 215 Conn. 350, 575 A.2d 228
(1990). In that case, the Appellate Court ruled that: "the plaintiffs [property owner] should have pleaded the Home Improvement Act as a special defense." Id., 587. However, the court added that this "deficiency in the pleadings" could be waived and that "the writings submitted did not contain the entire agreement of the parties; General Statutes § 20-429
(a); was not objected to by the defendant [contractor] and was, in part, introduced by the defendant."
During the trial in Sidney, unlike the trial in the present case, the court and counsel engaged in a colloquy concerning the act." Id., 583. Also, there was a motion to dismiss the counterclaim of the contractor during the trial for failure to make out a prima facie case because of noncompliance with the Act. Another distinction between Sidney and the present case was that the defendant contractor in Sidney introduced several writings, clearly in violation of the requirement in General Statutes § 20-429 (a)(3) that a contract must contain the "entire agreement between the owner and the contractor. In this case, there was no colloquy or motion concerning the HIA, but only the introduction of the noncomplying contract by the plaintiff in its effort to show that the contract was breached. It is difficult to understand the logic of prohibiting the introduction of a specific contract unless the contractor is willing to waive the result of the property owner's failure to specially plead the HIA, while at the same time recognizing the reality that the contractor must introduce the contract in order to prevail on its breach of contract cause of action. Under such an interpretation ofSidney, a contractor knowing that HIA had not been plead, would be unable to recover unless he did not introduce any contract at all, even though such a document was the basis for the work that was done by the contractor, and proceeding solely on quasi-contract grounds, and hoping that the property owner will be the party to introduce the offending contract so that the contractor will no longer be deemed to have waived the failure to plead HIA as a special defense. This would be a bizarre way to conduct a trial involving a breach of a written agreement.
In any event, although the decision in Sidney was affirmed on appeal by the Supreme Court, the Supreme Court indicated in a footnote that the issue of whether the failure to plead the HIA in a special defense could be waived "is not at issue in this appeal." Sidney v. DeVries, supra,215 Conn. 354, n. 4. More importantly, in the Sidney case, there was not a specific ruling by the court itself that the pleadings could not be amended to include a special defense of failure to comply with the HIA. This distinction is crucial. It is one thing to say, as the Sidney Court did, that the failure to plead a special defense may be waived. It is CT Page 7637 quite another thing, however, to say that although the court in the present case specifically ruled that the HIA could not be included as a special defense, that nonetheless, the issue can still be interjected into the case.
The attorney trial referee referred, incidentally, to Barrett Buildersv. Miller, 215 Conn. 316, 576 A.2d 455 (1990), as suggesting to the legislature that perhaps something should be done about contractors who use General Statutes § 20-429 as a "sword rather than a shield," but that the legislature had not done anything with this suggestion. Actually, the legislature, in Public Act 93-215, S1, added subsection "f" to provide that: "Nothing in this section shall preclude a contractor who has complied with subdivisions (1), (2), (6), (7) and (8) of subsection (a) of this section from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner, provided the court determines that it would be inequitable to deny such recovery." See also Wright Brothers Builders, Inc. v. Dowling,247 Conn. 218, 229-31, 720 A.2d 235 (1998) (strict construction of the HIA, a remedial statute, does not require perfect or ritualistic compliance with its mandates).
To the extent that the "equities" have anything whatsoever to do with this case, it is relevant to note that: (1) the plaintiff prepared a contract that did comply with the HIA but it was rejected by the defendant; (2) the defendant, an experienced developer and property owner, then prepared a contract which did not comply with the HIA, which, incidentally, led the attorney trial referee to "suspect [defendant] Allen's motives;" (3) the pleadings did not refer to the HIA, nor was there any specific reference to the Act during the course of trial; (4) two months or so after the trial was over, the defendant property owner sought to amend his special defenses to include non-compliance with the HIA, which request was ultimately explicitly denied or rejected by this court; (5) although it is correct that the plaintiff introduced the contract upon which he relied in his action for breach of contract, the referee's conclusion that the plaintiff thereby waived a known right, that is, that the failure by a property owner to assert the non-compliance with the HIA as a special defense means that said owner cannot rely on the failure to assert this defense, is tenuous.
The court agrees with the attorney trial referee that the entry of a judgment in favor of the defendant would be a "harsh" result and would result in the defendant property owner achieving a "windfall" of approximately $188,000. Thus, because this court explicitly rejected the motion to add a special defense of a violation of the HIA, judgment may enter in favor of the plaintiff to recover from the defendant $187,692. CT Page 7638
There remains the request of the plaintiff to recover prejudgment interest pursuant to General Statutes § 37-3a, a subject which the attorney trial referee obviously did not address because his recommendation for judgment for the defendant was based on non-compliance with the HIA. Whether prejudgment interest under this statute should be awarded is an issue to be resolved by the trier of fact, in this case, the attorney trial referee, under the authority of Foley v. HuntingtonCompany, 42 Conn. App. 712, 738, 682 A.2d 1026, cert. denied,239 Conn. 931, 683 A.2d 397 (1996).
Thus, this case is remanded to the attorney trial referee for the limited purpose of reporting on whether the plaintiff is entitled to prejudgment interest.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of June, 2001.
William B. Lewis, Judge T.R.