[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTS
On July 9, 2001, the plaintiff, Charles D. Gianetti, M.D. filed a two count complaint against the defendant, attorney Joseph L. Gerardi, alleging causes of action for unjust enrichment and quantum meruit. The plaintiff alleges the following facts. On July 22, 1995, Tyler Kenney was bitten by a dog and sought medical attention from the plaintiff. Susan Kenney, Tyler's mother sued the owners of the dog and the defendant represented her in the suit. The plaintiff, through his attorney, informed the defendant that the preliminary statement of reasonable and customary charges to Tyler Kenney was $6670. In the pretrial memo the defendant prepared in that case, the defendant listed Tyler Kenney's medical expenses in the amount of $6670 as an item of damages. On December 30, 1996, the plaintiff sent a bill for $6670 for Tyler Kenney's medical expenses to United States Fidelity and Guaranty Insurance Company, the insurance providers for the owners of the dog. The insurance company's attorney sent the plaintiff a letter indicating that the case was settled and that the settlement check was made payable to Suzanne Kenney and the defendant as her attorney. The plaintiff alleges that he believes that the defendant retained the portion of the settlement that was intended as payment for the plaintiff's services. In count one, the plaintiff contends that he was entitled to a portion of the settlement, and that the defendant has been unjustly enriched by keeping that portion CT Page 1771 of the settlement. In count two, the plaintiff further argues that he is entitled to the reasonable value of the services he performed for Tyler Kenney under the theory of quantum meruit.
The defendant filed a motion to strike the entire complaint and the individual counts therein on September 4, 2001. The plaintiff filed an objection to the motion to strike on September 12, 2001.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). The role of the court in reviewing a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[A]ll well-pleaded facts and those necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "[I]f facts provable in the complaint would support a cause of action the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v.Edward J. Peters, P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
The defendant first argues that the plaintiff's entire complaint is precluded by the statute of frauds which is codified in General Statutes § 52-550. Specifically, the defendant claims that pursuant to §52-550 (a)(2), a party's promise to pay a debt incurred by a third party cannot be enforced unless it is in writing and signed by the promisor. The plaintiff responds that the statute of frauds only applies when there is a contractual relationship between the parties.
General Statutes § 52-550, reads, in pertinent part, "(a) No civil action may be maintained in the following cases unless the agreement . . . is made in writing and signed by the party . . . to be charged . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another. . . ." The statute of frauds only applies to civil actions in which a party seeks to enforce the terms of a contract. Willow Funding Co., L.P. v. Grencom Assoc., 63 Conn. App. 832,847-48, 779 A.2d 174 (2001). The plaintiff's causes of action are "based upon common law principles of restitution [and] are . . . noncontractual CT Page 1772 actions by which a party may recover despite the absence of a valid contract. . . ." Sidney v. DeVries, 215 Conn. 351-52 n. 1, 575 A.2d 228
(1990). Therefore, the plaintiff is correct in his contention that the statute of frauds does not apply, and therefore, the motion to strike is denied on this ground.
The first count of the complaint alleges a cause of action in unjust enrichment. The defendant argues that the plaintiff's claim of unjust enrichment fails to state a claim upon which relief can be granted because the plaintiff has failed to allege that he lacks a remedy against Tyler Kenney or his parents for the medical services he provided to Tyler Kenney. The plaintiff responds that he has complied with this requirement in part by alleging that Susan Kenney is deceased, and she that she was the only parent known to the plaintiff.
"[Unjust enrichment] is a doctrine based on the postulate that it is contrary to equity and fairness for a defendant to retain a benefit at the expense of the plaintiff." Gagne v. Vaccaro, 255 Conn. 390, 401,766 A.2d 416 (2001). "Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . Indeed, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." (Citation omitted; internal quotation marks omitted.) Id. "The doctrine's three basic requirements are that: (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of the payment was to the plaintiff's detriment." Id., 409.
The plaintiff's cause of action for unjust enrichment is insufficiently pleaded. The plaintiff does allege that the defendant unjustly retained the portion of the settlement intended for payment to him for his treatment of Tyler Kenney. He does not, however, allege that no remedy is available to him by action on a contract. The plaintiff's allegation that Susan Kenney is deceased is not sufficient to meet this requirement. The defendant's motion to strike the first count of the complaint is therefore granted.
The second count of the complaint alleges quantum meruit. The defendant argues that the plaintiff has failed to state a claim for quantum meruit because he has not alleged that he provided any services to the defendant, that the defendant ever agreed to pay for his services or that he provided the defendant with any information about a bill for his services. The plaintiff responds that the claim is adequately pleaded because he alleged that the defendant received the reasonable value of the plaintiff's services as part of the defendant's fee in the settlement on behalf of Tyler Kenney. CT Page 1773
"Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. . . . Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered." Biller Associates v. Peterken, 58 Conn. App. 8,16, 751 A.2d 836, cert. denied, 254 Conn. 914, 759 A.2d 506 (2000). "The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to [him] that [he] would be compensated in the future, impliedly promised to pay . . . for services . . . rendered." Burns v. Koellmer,11 Conn. App. 375, 383-84, 527 A.2d 1210 (1987). "Quantum meruit . . . is the form of action which has been utilized when the benefit received was the work, labor or services of the party seeking restitution." Id., 384.
The plaintiff fails to allege any facts that would indicate that he and the defendant had an implied contract for the plaintiff's services. The motion to strike the second count of the complaint is granted.
 CONCLUSION
The plaintiff fails to adequately plead a claim for relief for unjust enrichment because he fails to allege lack of a remedy under the contract. The plaintiff fails to adequately plead a claim for relief in quantum meruit, because he neglects to adequately allege the existence of an implied contract between the himself and the defendant. For these reasons, the defendant's motion to strike both counts of the complaint is granted.
GALLAGHER, J.